J. & B. HARBAUGH *vs.* SAMUEL MOORE, *et al.*—*Dec.* 1840.

A right of entry in the plaintiff, is essential to a recovery in an action of ejectment, and if that right is barred by the statute of limitations, there can be no recovery.

APPEAL from *Baltimore* County Court.

This was an action of *ejectment,* brought on the 2nd August 1836, by the appellant against the appellee, for a part of *Gist's*

Harbaugh *vs.* Moore, *et al.*—1840.

*Inspection*, by metes and bounds.    The defendants in posses-sion, appeared, and pleaded the general issue.

At the trial of this cause the plaintiff to support the issue on his part, gave in evidence the lease from *Christopher Hughes* to *Leonard Harbaugh*, dated 27th January 1783, for the land declared for, to hold for the term of ninety-nine years—rent £206, payable half yearly—right to re-enter for non-payment of rent reserved, and lessee bound to renew on payment of a year's rent, at the termination of present lease; that *Leonard Harbaugh*, by virtue of the said lease, entered upon the land demised, improved it, and enjoyed it for several years; that on the 11th of December 1789, *Hughes*, alleging, as was the fact, that there was rent in arrear, entered as landlord upon the property, and took possession thereof, and that he and those claiming under him, including the defendants, have been in possession of the same by actual enclosure, claiming the whole under *Hughes*, and exercising exclusive acts of ownership over the whole, adversarily from 1789 to the present day.

The plaintiff also exhibited letters of administration on the personal estate of the said *Leonard Harbaugh*, granted by the orphan's court of *Baltimore* county, to the lessor of the plain-tiff, that *Harbaugh* died about the year 1819.    If upon the foregoing statement the court should be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff, if not, for the defendant.

The county court rendered judgment for the defendants, and the plaintiffs brought this appeal.

The cause was submitted to the court, STEPHEN, DORSEY, CHAMBERS and SPENCE, J.

By R. JOHNSON for the appellants, and McMAHON and RICHARDSON for the appellees.

STEPHEN, J., delivered the opinion of this court.

This case comes up upon an appeal from *Baltimore* county court, on a case stated.    It appears by the facts agreed upon between the parties, that *Christopher Hughes* on the 27th Jan-

uary 1783, leased the land for which the ejectment was brought to a certain *Leonard Harbaugh,* for the term of ninety-nine years, renewable forever, at the yearly rent of £206 current money, payable by moieties, on the 25th of March and the 29th of September, in each and every year, with a clause in the said lease, stipulating for a right of re-entry, by the said *Hughes,* in case the said rent should be in arrear and unpaid, for the space of sixty days next after the times limited for the payment thereof, the same being first lawfully demanded. That *Harbaugh,* the lessee, entered upon the demised premises under the said lease, and continued in possession for several years, when the rent being in arrear, *Hughes,* the landlord, on the 11th December 1789, entered as landlord upon the property, and took possession thereof; of which property, he, and those claiming under him, including the defendants, have been in adversary possession, exercising exclusive acts of ownership over the whole, from the year 1789 to the time of the case stated. The lessors of the plaintiff, brought this action of ejectment as the administrators of *Harbaugh;* and the question is, whether upon the above facts they were entitled to recover? The judgment of the county court was for the defendants, from which judgment the plaintiffs have appealed to this court.

We cannot entertain a doubt, as to the propriety of affirming that judgment. A right of entry in the plaintiff, is essential to a recovery in the action of ejectment, and that right was clearly extinguished and taken away, by the length and character of the defendants possession, as admitted in this case. The lessor of the plaintiff must shew, that he had a right of entry at the time of the demise; for if his entry is barred by the statute of limitations, he cannot recover in an action of ejectment. *Roscoe on Ev.* 324. We are of opinion that the judgment of the court below must be affirmed.

**JUDGMENT AFFIRMED.**