# EDWARD W. SALMON, Permanent Trustee of JAMES BOON, *vs.* JOHN W. PIERSON.

In cases in insolvency, the right of appeal is given only to persons *aggrieved* by the decision of the court below, and the *trustee* has no right to object to

the claims of creditors, and to appeal from an order allowing such claims, where the creditors themselves acquiesce.

He may appeal where the decision complained of affects the interests of *all the creditors* by diminishing the estate out of which they are to be paid, or where he is defeated in attempts to augment that fund by the recovery of property or money which he thinks belongs to the creditors.

If he has an interest as trustee in reference to his allowance for commissions and expenses, or as a creditor of the insolvent, he has an equal right, with others, to object to the distribution and to appeal.

APPEAL from the Court of Common Pleas for Baltimore city, sitting in Insolvency.

In this case the auditor allowed the claim of the appellee against the insolvent estate of Boon. The *trustee* excepted, on the ground that if there be any claim whatever on the part of Pierson, it is one arising after the application of Boon for the benefit of the insolvent laws. Testimony was taken, and this exception was overruled by the court, (MARSHALL, J.,) and the claim allowed. From this order the *trustee* appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.; by *Charles H. Pitts* for the appellant, and *T. Parkin Scott* for the appellee. The arguments of counsel, which related solely to the *merits* of the claim, need not be reported, as this court dismissed the appeal, upon the ground that the trustee had no right to appeal.

TUCK, J., delivered the opinion of this court.

The right of appeal from decisions in insolvency is granted, by the act of 1849, ch. 88, only to persons aggrieved by the action of the court below. If the appellant does not come within this designation, the appeal must be dismissed.

The trustee of an insolvent represents the creditors, and may appeal, under the laws upon that subject, where the decision complained of affects the interests of all the creditors, as for example, by diminishing the estate out of which they are to be paid, or where he is defeated in attempts to augment that fund by the recovery of property or money which he thinks belongs to the creditors. But his relation to the estate does

not authorise him, under this act of Assembly, to object to the claims of creditors, who may, if they please, litigate, *inter sese,* as actors in reference to the same subject matter. It is his duty to protect all alike, which is quite inconsistent with any pretension to contest with one or more for the benefit of the others. If he has an interest, as trustee, in reference to his allowance for commission and expenses, or as creditor of the insolvent, he has an equal right, with others, to object to the distribution and to appeal. But what interest can he set up to continue litigation here, after a decision below to which the parties really interested do not appear to have objected? As mere custodian of the funds, he cannot interplead, as it were, in this unnecessary manner, to the expense and diminution of the estate, too often inadequate to pay the just claims upon it.

We are aware that this case is supposed to be analogous to that of a trustee in chancery, who, it was said in *Ellicott vs. Ellicott,* 6 *G. & J.,* 35, may appeal from an order distributing the proceeds of sale. In that suit, however, the appellants, the trustees, were heirs at law and personally interested in the proceeds of sale; and although the decision of the court was not placed on that ground, the circumstance distinguishes that case from the present. Besides, it does not appear, that in the case of *Kent vs. Alexander, Trustee of Mullikin,* referred to and relied upon in the opinion, any point or question was decided as to the right of appeal; and in fact, that record shows that the exception to the auditor's account was made by Kent, a claimant against the estate, and that the appeal was taken by him because his claim was rejected. At a later period, the Court of Appeals, in *Balch vs. Zentmeyer,* 11 *G. & J.,* 283, where the appellant was a trustee in chancery contesting the claim of the appellee, appear to have considered the question as not conclusively settled. They say, "in making this affirmance, however, we desire to be considered as expressing no opinion on the right of the trustee, in his own name, to prosecute this appeal in behalf of parties present in court and litigating their claim by their solicitor." In the present case the creditors had filed their claims, and if they acquiesced in the audit, we cannot discover that the trustee can, with legal pro-

priety, object in their behalf, not being himself aggrieved by the decision below, to which description of persons the right of appeal is confined by the act of Assembly. Under the circumstances of the case, the costs will be paid out of the trust estate.

*Appeal dismissed.*