James J. McHenry, Trustee *vs.* William McVeigh, and others.

*What constitutes a sufficient Compliance with section 13, of Article 5, of the Code—Insufficient grounds for setting aside Sale made by Trustee in Insolvency—Right of Trustee in Insolvency to Appeal from order Setting aside Sale made by him—Order proper in the case.*

A statement by the Court in its opinion, in proceedings in insolvency, of its reasons for setting aside a sale made by the trustee of the insolvent, is a sufficient compliance with section 13, of Article 5, of the Code, requiring the Court in such proceedings, where an appeal is taken from its judgment or order therein, to certify the questions decided. A further statement after appeal taken, would be superfluous.

In pursuance of an order of the Circuit Court, duly passed, A., the trustee, sold the property of B., a petitioner for the benefit of the insolvent laws, and upon a report of the sale to the Court, the same was ratified *nisi*. The order *nisi* was duly published. The purchaser, who was a creditor of the insolvent petitioner, filed his petition, alleging that he believed that at the time of the application of B. for the benefit of the insolvent laws, he was desirous of paying his debts, and that since such application, he had paid the petitioner, save only a balance of fifteen dollars, wherefore he prayed the Court to refuse to ratify the sale, to the end that B. might save to himself his property, together with the costs of the sale, and have further opportunity to settle with his creditors, most of whom had already consented to his withdrawing his application. B., by his petition, objected to the ratification on the ground that he was misguided, and misapprehended the nature of the Insolvent Act when he made his application—that before the sale, he petitioned to have the sale postponed, to enable him to arrange with his creditors; that all his creditors had consented to his withdrawing his petition; that he understood through his attorney that the trustee had stated to Judge P., that no sale would take place on the day appointed, to give the petitioner opportunity to arrange with his creditors; that the property did

McHenry, Trustee *vs.* McVeigh, *et al.*

not bring half of its value. A., the trustee, denied the alleged grounds of objection. A commission was issued, and testimony was taken thereunder. The Court set aside the sale reported, and suspended the further sale of the property until the insolvent had obtained the consent of all his creditors to the withdrawal of his application, and the restoration to him of his property, and time was allowed for the purpose. The Court said that while it would not set aside the sale on the proof of inadequacy of consideration alone, it would so order, as in connection therewith, it appeared that the purchaser was asking to have the sale set aside, in order that the insolvent might have time to arrange with his creditors, and that it also appeared that most of his creditors had already agreed thereto. On appeal by the trustee, from the order setting aside the sale, it was HELD:

1st. That the reasons for setting aside the sale were insufficient. The purchaser had signed the memorandum of sale, and was bound for the price he agreed to give for the property; and none of the creditors had complained that the price was inadequate.

2nd. That if the order had only suspended the final ratification of the sale for the period named, to give the petitioner an opportunity to secure the consent of his creditors to the withdrawal of his petition, and the re-conveyance to him of the property, such action would have been unobjectionable.

3rd. That the creditors had a vested interest in the property, through the trustee and the sale that was effected, and their rights ought not to have been jeoparded, by subjecting them to possible loss, by the expenses of a new advertisement, and a new sale, and the possible sale for a less sum.

4th. That the trustee representing the creditors, and also personally interested as a bonded trustee, with right to fair compensation for his services, had an undoubted right to appeal.

5th. That if the creditors were paid by the petitioner, or consented to the dismissal of the proceedings, and the re-conveyance to him of the property, the Court, could, with the consent of the purchaser, properly discharge the trustee, and order such re-conveyance, making, however, due provision for the payment to the trustee, by the purchaser, or by the insolvent petitioner, of such necessary expenses as he was subjected to in making and defending the sale, and such compensation by way of commissions, if any, as under all the circumstances the Court might see fit to allow, as a condition precedent to such re-conveyance, &c.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the. Court.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*J. A. McHenry,* for the appellant.

*R. H. Gordon, John S. Grove,* and *J. H. Gordon,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court for Allegany County, setting aside a sale made by the appellant, as trustee in insolvency of William McVeigh. The opinion of the Court clearly indicates what was decided, and all that was decided, and the grounds on which the Court's ruling was based, and we think it is a sufficient compliance with sec. 13, of Art. 5, of the Code, requiring the Court, in insolvent cases, where there is an appeal, to certify the points decided. Any further statement by the Court, after appeal taken, would have been superfluous, the points having been sufficiently stated in the Judge's opinion. The motion to dismiss, therefore, must be overruled.

By the record, it appears that William McVeigh, the appellee, filed his petition, in insolvency, on the 16th of February, 1880, accompanied with a schedule of property, and creditors, and a statement that no debts were due him. On same day, appellant was appointed trustee, and petitioner conveyed to him. The trustee gave bond and security, which was approved, and a day was fixed for the creditors to appear ; and an order for notice was passed. On the 18th day of February, 1880, an order was passed, directing the trustee to sell all the property of the peti-

tioner, and fixing the terms of the sale and the notice thereof. The trustee advertised the sale, and sold, and on the 28th day of June, 1880, reported the sale to the Court as having been made on the 26th of that month, and the same was ratified *nisi*. The order *nisi* was duly published; but the purchaser and the insolvent petitioner having both filed objections to the ratification of the sale, the sale was set aside, and from that order the trustee has appealed.

The purchaser at the sale, was Wm. Ferrens, (a creditor of the insolvent petitioner,) and, on the 28th of July, 1880, he filed his petition, setting forth, that he believes, that at the time of applying for the benefit of the insolvent laws, William McVeigh, "was desirous of paying his debts," and that since making the application, he has paid him one hundred and fifty dollars, leaving only a balance of fifteen dollars due him, wherefore, he prays the Court "to refuse to ratify the sale as reported, to the end that William McVeigh, may save to himself his property, together with the costs of the sale, and have further opportunity to settle with his creditors, most of whom have already consented to his withdrawing his application." No other ground of setting aside the sale is alleged by this caveator.

The insolvent petitioner by his petition, filed the 18th of August, objects to the ratification, on the ground that he was misguided, and misapprehended the nature of the Insolvent Act, when he made his application—that before the sale, he filed a petition, asking the sale to be postponed, to enable him to arrange with his creditors; that all his creditors have consented to his withdrawing his petition; that he understood through his attorney, that the trustee had stated to Judge Pearre, that no sale would take place on the day appointed, to give the petitioner an opportunity to arrange with his creditors; that the property did not bring one-half of its value.

The trustee denied the alleged grounds of objection, and a commission issued to take testimony. The insolvent petitioner testified that his understanding of the insolvent laws was, "that it only acted as a stay, and if a man took the benefit, as soon as he got the money, or could get it, he was sworn to pay." That he never read his application, and it was not read to him. He also testified that he did not know what the property would sell for in market, "but for his selling it, he would not take as much more for it." He was present at the sale, and his counsel made several bids on the property, but without his order; but Mr. McHenry, the trustee, testified to conferences, during the bidding, between the petitioner and his counsel, giving color to the idea of the trustee, that the bidding was with his knowledge and on his behalf.

The Court set aside the sale made and reported, and suspended the further sale of the property, until the insolvent petitioner had gotten the consent of all the creditors to the withdrawal of his application, and the restoration of his property to him, and allowed him one month from the date of the order to procure and file the consent of those whose consent had not been already filed. In so ordering, the Judge says, he would not set aside the sale on the proof of inadequacy of consideration alone, but as in connection therewith, it appeared that the purchaser was asking the sale to be set aside, in order that the applicant might have time to arrange with his creditors, and that it also appeared that most of his creditors had already agreed thereto, that he would set it aside.

We think the Court erred in setting the sale aside. A sufficient case had not been made for this action. The purchaser had signed the memorandum of sale, and was bound for the price he agreed to give for the property. The creditors had none of them complained that the price was inadequate. The petitioner did complain, but he

gave no reason for supposing the property would bring more at another public offer, or that the sale was not fair, and did not invite full competition. Had the order only suspended the final ratification of the sale for the period named, to give the petitioner an opportunity to secure the consent of his creditors to the withdrawal of the petition, and the re-conveyance of the property to him, such action would have been unobjectionable. But the creditors had a vested interest in the property, through the trustee, and the sale that was effected, and their rights ought not to have been jeoparded, by subjecting them to possible loss, by the expenses of a new advertisement and a new sale, and the possible sale for a less sum. The trustee representing the creditors, and also personally interested as the bonded trustee, with right to fair compensation for his services, was in the proper discharge of his duty, and the exercise of an undoubted right to appeal from the decision made. *Salmon, Trustee vs. Pierson,* 8 *Md.,* 297; *Teackle, Trustee vs. Crosby & Bevan,* 14 *Md.,* 14; *White & Elder vs. Malcolm, et al.,* 15 *Md.,* 529. If the creditors were paid by the petitioner, or consented to the dismissal of the proceedings, and the re-conveyance of the property to the petitioner, of course, with the consent of the purchaser, in such case it would be competent and proper for the Court to discharge the trustee, and order such re-conveyance. In such case, however, the order should make due provision for the payment to the trustee, by the purchaser, or by the insolvent petitioner, of such necessary expenses as he was subjected to in making and defending the sale, and such compensation by way of commissions, if any, as under *all the circumstances* the Court might think fit and proper to allow, as a condition precedent to such re-conveyance, and final discharge of the petitioner, or dismissal of the proceedings, as the agreement might provide for. The order will be reversed, and the cause will be remanded, to the end that the ratifica-

tion of the sale may be only suspended until such time as the Court may deem reasonable, to ascertain the will of the creditors, who did not assent to the ·dismissal˙ of the petitioner's application, and for such other proceedings as may be in conformity with the views herein expressed.

*Reversed and remanded.*

(Decided 30th June, 1881.)