---
Haskie *vs.* James.

---

(Decided 16th March, 1892.)

---

THERESA HASKIE *vs.* NATHANIEL W. JAMES.　JOHN BETZ *vs.* SAME.　THOMAS W. GRIFFIN, Trustee *vs.* SAME.

*Sale of Mortgaged property—Mortgage note—Setting sale Aside—Appeal of Trustee.—Ex parte Affidavit of Exceptant to Mortgage Sale.*

The failure of the mortgagee to exhibit the mortgage note with his account after the decree, and before the sale, such note having been produced in Court by the trustee before the sale was

set aside, is not sufficient ground for vacating the sale, the local law of Baltimore City relating to mortgages, not requiring the mortgage note to be filed with or made part of the account or exhibited in Court before the sale or at any other time.

A trustee appointed by a Court of equity to sell real estate has no right of appeal from an order setting aside a sale which he had reported for ratification.

The *ex parte* affidavit of an exceptant to a mortgage sale, is not such competent testimony as is required to support the truth of the exceptions.

APPEALS from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Frederick C. Cook*, (with whom was *Edwin J. Griffin*, on the brief,) for the appellants, Haskie and Griffin.

*Thomas C. Weeks*, for the appellant, Betz.

*George R. Willis*, (with whom was *Luther M. Reynolds*, on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

There are three appeals in this record, but they all present the same questions. A motion has been filed to dismiss the appeal of Thomas W. Griffin, trustee, which, in accordance with our ruling in the case of *Lurman and Fowler, Trustees vs. Hubner, ante page* 268, must prevail. It was held in the case just named that a trustee appointed by a Court of equity to sell real estate has no right to appeal from an order setting aside a sale which he had reported for ratification. And that is this case, so far as relates to the appeal of the trustee, Thomas W.

Griffin.   But, as we have said, the same questions brought here by the trustee's appeal are presented by the other two appeals, and we will proceed to consider them.   They arise upon exceptions to a sale made under a mortgage in the form usual in Baltimore City.   A decree was passed on the 17th June, 1891, for the sale of the mortgaged premises, and the sale was had on the 27th of the following month.   After the decree was filed, and before the day of sale, the mortgagee filed his statement of account, which was in the following form:

Lang                  ⎫   In the Circuit Court of Balti-
    *vs.*             ⎬            more City.
Hershman.             ⎭

*Mortgagee's Statement of Account.*

George C. Hershman, mortgagor,

　　　　　　　To Frederick Lang, mortgagee,     Dr.

1886,

Jany. 27. For cash loaned, being princi-
          pal mortgage debt under mort-
          gage, filed in the above case,        $4,500 00
          To interest due and unpaid to July
          27th, 1891,                              419 10
                                                ─────────
          Total amount of mortgage indebt-
          edness,                               $4,919 10

State of Maryland,

　　　　*City of Baltimore, to wit:*

I hereby certify, that on this 17th day of July, 1891, before me, a justice of the peace of the State of Maryland in and for said city, personally appeared Frederick Lang, the above named mortgagee, and made oath in due form of law, that the above statement of account is just and true as stated, and that no part of the money there shown to be due him has been paid, or any security given therefor, except the aforesaid mortgage and mortgage notes.                    Wm. S. Gorton, J. P.

It will be observed that the mortgage note described in the mortgage was not filed with or as part of this account, though it is mentioned in the last clause of the affidavit in the allegation that no security had been given for the mortgage debt "except the aforesaid mortgage and mortgage notes."

.The appellee, who is the holder of a second and third mortgage upon the two pieces of property mentioned in the first mortgage, excepted to the sale reported by the trustee upon the following grounds:

First, that the mortgage note should have been, but was not, made a part of the record or presented to the Court for inspection before the decree was passed, and that therefore the decree was improvidently passed, and is without legal authority.

Second, that the mortgage note was not exhibited before the sale in connection with the affidavit of claim; and, third, inadequacy of price.

The first exception is not before us, for it was overruled, and no appeal has been taken by the exceptant. It is necessarily involved, however, in the second exception.

The Court below sustained the other two exceptions, taken together, and from this ruling.Theresa Haskie and John Betz have each appealed—they being purchasers of the mortgaged property at the sale set aside by the order appealed from. The narrow question is therefore presented whether the failure on the part of the mortgagee to exhibit the mortgage note with his account, after the decree, and before the sale, is sufficient ground for setting the sale aside; it being conceded that the note in question was produced in Court by the trustee before the sales were set aside.

And this depends upon the construction of the provisions of the Local Law of Baltimore City relating to mortgages (Art. 4, sections 692–704.) It is not con-

tended that there is any express provision of the statute requiring the mortgage notes to be filed with, or made part of, the account, or exhibited in Court before th sale, or, indeed, at any other time; but it is said it has been the practice of the Circuit Court of Baltimore City to require the exhibition of the mortgage note or notes before the sale in connection with the affidavit of claim. This is doubtless a prudent practice, but the question here is not as to the propriety of such a practice, but whether the rights of purchasers shall be sacrificed by a failure on the part of the trustee to comply with a practice which is not demanded by the statute. And the course which is said to be consistent with the practice in the Court below is not only not demanded by any provision of law, but it would not seem to be necessary for the protection of purchasers. They will be amply protected if the mortgage notes are produced, as they were in this case, before the ratification of the sale, and before the payment of the purchase money.

Under the decisions in this State the note is the principal evidence of the mortgage debt, and the holder thereof is the real mortgagee, and entitled to the security and remedies afforded by the mortgage. It is apparent, therefore, that the most ordinary prudence on the part of the purchaser would require him to demand the production of the mortgage note before the sale is ratified. And, upon failure to comply with this reasonable demand no Court could compel a purchaser to take the property and pay his money. We think the statute was sufficiently complied with in this case. The statement of the mortgage claim was filed *before the sales,* and *after* the sales, but *before* they were set aside the mortgage notes were produced in Court by the trustee.

We know of no reason, certainly there is no provision of law, to sustain the first exception which is based upon a failure to file the mortgage notes in Court before the

Haskie *vs.* James.

passage of the decree.    Such a course is sustained by neither law nor practice.

It will be unnecessary to say anything more in regard to the third and last exception, which is based upon an allegation of inadequacy of price, than that we find no evidence in the record to sustain it.    It was urged at the hearing that this exception was supported by the oath of the exceptant, meaning thereby the *ex parte* affidavit of the exceptant as to the truth of the facts set forth in his petition.    But we have recently held in the case of *Roberts vs. Loyola Perpetual Building Association,* 74 *Md.,* 7, that "there is no rule of equity pleading or practice which gives such effect to exceptions so verified."    And it was held in that case that it was incumbent on the exceptant to a mortgage sale to support his exceptions by competent testimony, and his own affidavit as to the truth of the facts set forth in his exceptions, and filed with them was not sufficient.

The conclusion we have reached renders it unnecessary to consider the question so much discussed at bar, as to whether the exceptant, James, was properly made a party to the proceedings; for assuming that he was a proper party, without so deciding, we have already said that his exceptions were not well taken.

*Order reversed, and*
*cause remanded.*

(Decided 16th March, 1892.)