REBECCA LEVINE ET AL.

*vs.*

OLIVE E. HULL AND CHARLES J. HULL, HER HUSBAND.

*Covenant Against Incumbrances—Personal Character—Right of Way.*

A covenant against incumbrances is not a covenant running with the land, but is in the nature of a personal covenant.

p. 447

A declaration on a covenant by the grantors in a conveyance, that "they have not done or suffered to be done any act, matter or thing whatsoever to encumber the property," and alleging a breach thereof by reason of the existence of a right of way, is bad on demurrer if it fails to show when the right of way came into existence. pp. 446, 447

*Decided December 10, 1919.*

Appeal from the Circuit Court for Baltimore County, in Equity (DUNCAN, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*J. Paul Schmidt,* with whom was *Isaac Lobe Straus* on the brief, for the appellants.

*C. Gus Grason,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

On the 31st day of July, 1909, Olive E. Hull and Charles J. Hull, her husband, conveyed to Rebecca Levine and Hyman Levine five lots of ground in the 13th District of Baltimore County.

In the deed conveying them was the following covenant:

"And the said grantors hereby covenant that they have not done or suffered to be done any act, matter or thing whatsoever to encumber the property hereby conveyed; that they will warrant the same specially, and will execute such further assurances of the same as may be requisite."

The present suit is one for damages for the alleged violation of this covenant, the violation consisting in a right of way held or enjoyed by a third party over portions of the land conveyed.

It will be observed that the covenant quoted is in reality three covenants; one against encumbrances, one of special warranty, and one for further assurances.

The defendant demurred to the declaration, and the demurrer being sustained, upon the declination of the plaintiffs, appellants here, to amend, a judgment was entered for the defendants.

The *narr.* charges that the right of way was asserted in December, 1916, by George S. M. Kiefer and Sarah E. Kiefer, his wife, filing a bill for injunction, in which litigation they were successful, and an injunction was made perpetual against the interference by the defendants, Levine and wife, by a decree passed on the 22nd of March, 1917. It is from the judgment in the damage case that this appeal has been taken.

There is thus presented to this Court but a single question, viz.; the effect of the covenant against encumbrances contained in the deed from Charles J. Hull and wife to the plaintiffs—is it to be regarded simply as a covenant for special warranty and, therefore, a repetition to that extent of that which was embraced in the second of the covenants, to which attention has already been directed; or does the covenant against encumbrances have a wider scope and effect than this; or to state it a little differently, is a covenant

against encumbrances broader and more extensive than a covenant of special warranty?

The declaration nowhere alleges as to when, how or by whom the right of way was created or came into existence, whether before or after the conveyance to the present defendants. If it was created after such conveyance it would undoubtedly be covered by the covenant for special warranty, because as was said in *Lowes* v. *Carter,* 124 Md. 684, quoting from *Hayes* v. *Richardson,* 1 G. & J. 384; "All rights, encumbrances or conveyances touching or in any wise concerning land should appear on the public land records."

The statement of law most favorable to the present defendants is that contained in 7 *R. C. L.,* Title "Conveyancing," Section 48, where the compiler says: "But it has been held that an encumbrance upon property at the time the grantor acquired title to it is not within his covenant against encumbrances done or suffered by him," and again, "That a covenant against encumbrances done or suffered by the grantor is not to be construed as limiting the general covenant of seizin or for further assurances." For this statement the compiler cites as authority, *Smith* v. *Eizerman,* 5 Ind. App. 269, 51 A. S. R. 281.

The rule most generally followed is that adopted in *Huyck* v. *Andrews,* 113 N. Y. 81, 3 L. R. A. 789; and is thus stated at the beginning of the note to that case: "The covenant against incumbrances is intended to protect the grantee against rights or interests in third persons, which, while consistent with the fee being in the grantor, yet diminish the value of the estate"; and almost identical language is used in the statement of the general rule in 15 *Corpus Juris,* pages 1234, 5.

So in 7th *R. C. L.,* title "Covenant," Section 48, page 1134, it is said that "An incumbrance within the terms of a covenant against incumbrances includes every right to or interest in the land to the diminution of the value of the land, but consistent with the passage of the fee for the land."

The case in this State most nearly in point is that of *Bryant* v. *Wilson,* 71 Md. 442, the opinion in which was written by the late CHIEF JUDGE ALVEY. In the course of that opinion the purpose of a covenant against encumbrances is clearly set out as follows: "The object of the stipulation against encumbrances was to assure and protect the vendee and to relieve him of all danger that could result from the possible existence of encumbrances, whereby his estate might be lessened in value and he be disturbed in the peaceable enjoyment thereof." Upon one point all the authorities seem to be in harmony, namely, that a covenant against encumbrances is not a covenant running with the land, but in the nature of a personal covenant, and in like accord are the cases holding a right of way is an encumbrance upon an estate granted.

In this condition of the law it appears that the action of the trial Court in sustaining the demurrer was correct. It is possible that the plaintiffs could have so amended the *narr.* as showing the existence of the encumbrance sufficiently anterior to the conveyance of the title to them to have had the same expire, since it was a personal covenant merely, but by the order of the Court below an opportunity to amend was afforded, and it having been declined by the plaintiffs nothing remained for the Court to do except enter up the judgment.

The judgment appealed from will, therefore, be affirmed.

*Judgment affirmed, with costs.*