## BALTIMORE TRUST COMPANY, Trustee,

### vs.

## THE CANTON CORN PRODUCTS COMPANY.

*Trustee Under Mortgage—Authority to Appeal—Rescission of Sale—Incumbrance on Property.*

A trust company, to which as trustee a corporate mortgage to secure corporate bonds was executed, has, as holder of the legal title for the benefit of the bondholders, authority to appeal from an order setting aside a sale made under the mortgage, and the fact that such trust company was also named by decree of court as trustee to make sale under the mortgage is immaterial. p. 560

The action of one, named as trustee both in a mortgage and in an equity decree, in taking an appeal, is to be attributed to the capacity of trustee under the mortgage, if that is the capacity in which the right of appeal can be exercised. p. 560

The presence, in a warehouse on certain distillery property, of barrels of alcohol, occupying two per cent. of the available storage space, *held* not an incumbrance within a provision, in a contract for the sale of the distillery property, that it was free of incumbrances, so as to justify the purchaser in repudiating the purchase, he having known of the presence of the alcohol at the time of his purchase. pp. 561-564

*Decided March 3rd, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Proceeding by the Baltimore Trust Company, Trustee, against the Canton Corn Products Company, for the sale of certain property under a mortgage. From an order sustaining the exceptions of Morris Schapiro to the ratification of a sale to him, said Trust Company appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Harry N. Baetjer* and *Joseph France,* with whom were *Venable, Baetjer & Howard* on the brief, for the appellant.

*Edward M. Hammond* and *Alfred J. Shriver,* with whom were *Karr, Hammond & Darnall* on the brief, for the appellee purchaser.

URNER, J., delivered the opinion of the Court.

On August 1st, 1916, the Canton Corn Products Company executed and delivered a mortgage of its distillery plant and property to the Baltimore Trust Company, as trustee, to secure the payment of bonds having an aggregate par value of $125,000. Default having been made by the mortgagor as to the performance of certain covenants in the mortgage, a proceeding in equity was instituted, and a decree obtained by the trustee for the sale of the mortgaged property. The decree, which was passed on September 20th, 1918, appointed the Baltimore Trust Company trustee to make the sale, and provided that the authority thereby conferred should be in addition to the power of sale vested in the trust company as trustee under the mortgage. The property was sold by the trustee at public auction, on November 7th, 1918, to Morris Schapiro for $114,200. Exceptions to the ratification of the sale were filed by the purchaser on the ground of alleged defects in the title, and of the existence of a lien on the property in favor of the Government of the United States for taxes on large quantities of whiskey and alcohol which had been manufactured and were then stored on the premises. An order was passed on March 1st, 1919, sustaining the exceptions and setting aside the sale. In February, 1921, a private sale of the property was made to the same purchaser for the sum of $100,000. This sale was made expressly subject to any liens then or thereafter existing in favor of the United States Government or any department thereof, and subject to storage rights reserved by a prior owner of the plant in relation to the whiskey in the bonded warehouses on the mortgaged land at the time of the sale,

but, except as to such liens and reservation, it was agreed that the property sold should be free of encumbrances.

Pending the ratification of the second sale, the purchaser filed a petition stating that about 370 barrels of crude alcohol, owned by various persons, were then on the premises which he had contracted to buy, and were there prior to the institution of these proceedings, and that he would be unable to acquire full possession until the alcohol was removed. The petition sought to have the trustee required, before the sale was ratified and the purchase money fully paid, to compel the owners of the alcohol to remove it in order that the possession delivered to him might be complete and undisputed. The answer of the trustee to the petition stated that there were stored on the mortgaged property 371 barrels of grain alcohol, which had been pledged by the Canton Corn Products Company as security for loans long overdue at the time of the sale, and that the pledgees had no right to have the alcohol remain in its present place of storage. It was further alleged in the answer that the sale under the decree, when consummated, would transfer a title free of encumbrances as agreed, and that the petitioner bought the property with full knowledge of the presence of the alcohol and of the terms upon which it was there stored. The trustee denied that the existence of the alcohol on the property constituted an encumbrance or afforded the petitioner any valid reason for refusing to comply with the terms of his purchase. The question raised by the petition and answer was brought to a hearing, at which testimony was offered, and by an order of the court below the second sale also was vacated. From that order the trustee has appealed.

A motion to dismiss the appeal has been filed on the theory that the appellant has no right to bring the case here for review. It is argued that the sale reported was made solely in the exercise of the authority conferred by the decree in the foreclosure proceeding, and not by virtue of the power of sale in the mortgage, and that a trustee appointed

by a court of equity to sell property decreed to be sold is merely an officer of the court, and is without right or interest- to complain, by way of an appeal, of its refusal to ratify a sale reported for its approval. In support of this contention the purchaser, as appellee, refers to the decisions of this Court in the cases of *Lurman* v. *Hubner*, 75 Md. 268; *Haskie* v. *James*, 75 Md. 568; *Warehime* v. *Graf*. 83 Md. 100; *Knabe* v. *Johnson*, 107 Md. 616. In those cases the only authority of the trustee who attempted to appeal was that which he derived from the decree by which he was appointed. In the present case the appellant trust company was acting as trustee under a decree which invested it with powers in addition to those conferred upon it by the mortgage in process of foreclosure. The appeal was taken by "The Baltimore Trust Company, Trustee." In the capacity thus described, the appellant had important rights and interests under the mortgage which were not superseded, but only supplemented, by the decree. The character of trustee in which the appellant appears in this Court is therefore to be considered in reference not merely to the power of sale in the decree of foreclosure, but also to the substantial property interests conveyed by the mortgage to the trustee in whose name the appeal was entered. As the holder of the legal title to the property for the benefit of the owners of the bonds which the mortgage was intended to secure, the appellant was clearly authorized to appeal from an order which materially concerned the rights and interests thus held and represented. *McHenry* v. *McVeigh*, 56 Md. 578; *Frey* v. *Shrewsbury Sav. Inst.*, 58 Md. 151; *White* v. *Malcolm*, 15 Md. 529. The action of the trustee in taking the appeal is properly attributable to the existing capacity in which that right could be exercised. *Barroll* v. *Benton*, 121 Md. 174; *Philbin* v. *Thurn*, 103 Md. 349; *State, use of Gable* v. *Cheston*, 51 Md. 380.

At the hearing which resulted in the order vacating the second sale, the testimony showed that the alcohol which the purchaser objected to as an encumbrance was stored in one

of the two bonded warehouses on the premises. The warehouses had a total storage capacity of about 20,000 barrels. In addition to the alcohol, of which there were 371 barrels, as already stated, the warehouses contained about 2,000 barrels of whiskey belonging to various holders of storage certificates. The barrels of alcohol occupied less than two per cent. of the entire storage space.

The taxes due the Federal Government on account of the whiskey and alcohol are a lien, until paid, on the property purchased by the appellee, but as he expressly agreed to buy it subject to the present or prospective existence of such lien, he is not in a position, and does not undertake, to avoid the sale on that ground. The only complaint made in his petition is that the presence of the alcohol prevents the delivery of the full possession to which he is entitled. No objection is made as to the large quantity of whiskey in storage, as that was mentioned in the agreement of purchase. It is contended, however, that the alcohol, to which the agreement did not specifically refer, is an encumbrance which justifies the appellee's refusal to complete the purchase and the lower court's order of annulment.

When the appellee excepted to the ratification of his first purchase of the distillery, his most serious objection was because of the fact that there were stored in the warehouses large quantities of alcohol and whiskey, for the taxes upon which the property itself afforded security. In the trustee's answer to the exceptions then filed it was stated that the quantity of alcohol in storage was 371 barrels. It is because of the continued presence of this quantity of alcohol that the appellee objects to the ratification of his second purchase. His knowledge that the alcohol was still on the premises at the time of the second sale is placed beyond any doubt by the testimony. It was proved that shortly before his last purchase he visited and inspected the plant, and arranged to have it restored to a suitable condition for the production of alcohol. There is no denial by the appellee that he knew

of the presence of the alcohol when he entered into the second agreement of purchase, but the contention is that, regardless of such knowledge, he is not required to complete the transaction because the alcohol is an encumbrance from which he ought to be relieved under the provision in the agreement that, except for "any liens" of the Government and the whiskey storage reservation, the property was sold "free of encumbrances." The question, therefore, is whether the provision to that effect warrants the rescission of the sale merely because a quantity of alcohol, occupying less than two per cent. of the available storage space, remained on the premises, and notwithstanding the fact that the appellee made the purchase with full knowledge of the condition of which he now complains.

It does not appear from the record that the holders of the warehouse certificates for the alcohol have a right to continue its present storage indefinitely. Apparently they could not withdraw it without payment of the tax to which it is subject. There was testimony that it could be removed to a general bonded warehouse. The alcohol was manufactured, according to the proof, after the execution of the mortgage under the foreclosure of which the property was sold, and hence the rights acquired by the purchaser are superior to any storage privileges of the owners of the alcohol, and are subordinate only, in that regard, to the Government liens to which the contract of sale expressly referred.

The record admits of the conclusion that the appellee can have the alcohol stored elsewhere under conditions which will insure the continuance of the Government's primary lien upon it for taxes, and will thus protect him to the same extent as at present, in reference to the concurrent lien to which the property purchased was agreed to be subject. The space occupied by the alcohol is comparatively insignificant. It is stored in a building which is specially designed, and was intended by the appellee to be continued in use, for such a purpose. The inconvenience complained of is not perma-

nent, but temporary, and it was known to the appellee when his agreement of purchase was executed. In view of the conditions presented, we are unable to hold that the alcohol on the premises is such an encumbrance, within the intent of the agreement, as to require the rejection of the sale for that reason.

An encumbrance, as the term is used in provisions that land conveyed shall be free of encumbrances, is defined as any "right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." 2 *Tiffany, Real Property,* sec. 452, p. 1683; 7 *R. C. L.* p. 1134; *Levine* v. *Hull,* 135 Md. 446. The transient storage of alcohol with which we are here concerned does not involve the exercise of any right which the owners would be entitled to assert against the appellee's objection if his purchase is ratified. It does not represent any interest by which the land purchased at the mortgage foreclosure sale can be affected without the appellee's consent, apart from the existence of the tax lien which his agreement distinctly recognized. The particular condition to which the provision against encumbrances is sought to be applied is consequently devoid of the essential elements of an encumbrance, according to the accepted definition of that term.

In the case of *Connaughton* v. *Bernard,* 84 Md. 577, where an agreement of sale under a decree provided that the title should be "free from all incumbrances and marketable," an objection was made to the sale because of the existence of an easement appurtenant to the adjacent land for the passage of persons and the maintenance of a water pipe across the property decreed to be sold. There were plainly visible indications of the easements, and the premises were examined by the purchaser before the sale was effected. It was held that, in the absence of evidence that the purchaser was in any way misled by the trustee, or was not aware of the easement, the court would not have been justified in refusing to ratify the sale reported.

In *Janes* v. *Jenkins*, 34 Md. 1, the suit was for the breach of a special warranty because of an easement which the grantor had imposed upon the property conveyed in favor of adjoining land.   The question whether the existence of the easement constituted a breach of the covenant depended, said the Court, "upon the apparent and ostensible condition of the property at the time of sale. * * * The parties, in the absence of anything to the contrary, are presumed to have contracted with reference to the then state and condition of the property, and if an easement to which it is subject be open and visible, and of a continuous character, the purchaser is supposed to have been willing to take the property, as it was at the time, subject to such burthen."

In this case, the property decreed to be sold has been twice bought by the appellee, while the condition now objected to was existing and visible.   The reduced price of $100,000 for the distillery as a whole was agreed to be paid with full knowledge on his part that a small portion of one of the warehouses was occupied by the alcohol on account of which the purchase is sought to be disaffirmed.   Upon the principle of the cases cited, and in consideration of all the circumstances, we must hold that the objection urged is not a sufficient reason for again rejecting a sale to the appellee and for requiring the trustee to make a third disposition of the property.

The order appealed from will be reversed, and the cause remanded to the end that the sale last reported may be ratified.

*Order reversed, with costs, and cause remanded for the passage of an order in conformity with this opinion.*