## A. BEER & CO. *v.* THEIR CREDITORS.

In a contestation between opposing creditors and the syndic of an insolvent, on their oppositions to the tableau of distribution filed by the latter, the decision of the court below on each of the claims in litigation, is a separate judgment belonging to the party in whose favor it was rendered, and binding upon all parties who did not appeal from it; nor can such judgment be disturbed on appeal, unless the party having an interest to maintain it is made a party to the appeal.

Creditors whose claims have been disallowed, cannot make themselves parties to the appeal without giving bond; the appeal bond given by the syndic, will not suffice to maintain the appeal on the part of such creditors; these creditors are alone aggrieved by the judgment disallowing their claims, and not the estate represented by the syndic. In conflicts between creditors in which the syndic is without interest, he cannot be permitted to interfere, and cannot maintain an appeal.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Roselius*, for the insolvents, appellants. *Phillips* and *Race & Foster*, for appellees.

VOORHIES, J. *Wilson G. Hunt & Co., Pierson & Dunn, Auguste Wetter, D. Kelham*, and the *Louisiana Mutual Insurance Company*, creditors of the insolvents, opposed the tableau of distribution, filed by the syndic in this case, on the following grounds :

"1. Because the sum of $4,397 61 of the funds collected by the syndic has been wrongfully retained or diverted from the creditors in the two items $2,017 65, mostly for syndic's expenses, and the item of $2,379 96, retained for sundry purposes."

"2. Because the sum of $4,700 has been wrongfully retained by *Edwards & Fauchet*. The proceeds of sale should be put down at $9,300 50, instead of $9,590 50."

"3. Because the syndic has wrongfully placed on the tableau about one hundred and twenty-seven names as creditors for various amounts, when in fact there are no other creditors of this insolvency than these five opponents. These opponents, therefore, aver that each and every one of the other creditors of *A. Beer & Co.* have compromised, or been paid such claim or claims as they may have had against the insolvents, and have ceased to be creditors thereof, and cannot share or participate in the funds in the hands of the syndic, to the prejudice of these opponents and their payment in full, with interest and costs."

1st. On the first ground, the item of $2,017 65, was reduced to the sum of $1,179 53, and the one of $2,379 96 rejected.

2d. On the second, the court held that the sum of $4,710, instead of $4,700, was properly retained by *S. Friedlander*, the holder of the notes secured by mortgage on the slaves sold by the Sheriff to him for that sum, in payment of said notes.

3d. And on the third, the Judge *a quo* considered that it should " be sustained as to all the creditors on the tableau, who had not appeared to establish their claims," giving a list of those who had, &c.

The bilan of the insolvents exhibits a list of one hundred and thirty-two creditors, whose claims amount in the aggregate to $214,201 70, and of whom only eighty-six appeared at the meeting and voted for syndic, &c. On the trial, according to the statement of the Judge, twenty-six of the creditors who appeared at the meeting and fourteen who did not, failed to appear and make proof of their claims.

An appeal from this judgment was granted to the syndic on his motion in open court, suggesting that there was error in the same, " as well to the prejudice of the creditors of the insolvency as to himself as syndic aforesaid, upon his furnishing bond and security conditioned as the law directs."

On motion of *Alfred Phillips, Esq.*, attorney appointed to represent the absent creditors, it was ordered that he should be permitted to join in the devolutive appeal thus granted to the syndic.

The syndic alone gave a bond of appeal with *David Goodman* as surety, leaving the obligee's name and the title of the suit in blank.

The opponents, *William G. Hunt & Co.* et al., have moved to dismiss the appeal on three grounds:

" 1st. That there has been no legal bond given by the appellants.

" 2d. What purports to be the appeal bond does not name the appellants and appellees, nor does it give the title of the suit in which judgment was rendered from which they appeal.

" 3d. These opponents are in no wise parties to this appeal, having neither been cited or mentioned in the appeal bond, as appellees."

It is clear that the decision of the court below upon each of the claims in litigation, must be considered a separate judgment belonging to the party in whose favor it was rendered, and binding upon all parties who did not appeal from it. 2 An. 546, *Girod* v. *His Creditors*. It follows then, as a consequence, that such judgment cannot be disturbed on appeal, unless the party having an interest to maintain the same has been made a party to the appeal. In the case at bar, the syndic's claim for commission, &c., has been reduced, as we have seen. This is a judgment in favor of all the creditors against him, which consequently cannot be disturbed without making them parties to the appeal.

The creditors whose claims have been disallowed by the judgment, are alone aggrieved by it, and not the estate represented by the syndic. In conflicts between creditors, in which the syndic is without interest, he cannot be permitted to interfere. *Ferguson et al.* v. *Their Creditors*, 19 La. 278; *Kohn, Syndic, et al.* v. *Wagner et al.*, 1 R., 275; *Pandelly* v. *His Creditors*, 1 An. 22. In the present case, it would seem to us, that it ought to be a matter of indifference to the syndic whether the claims of those creditors were allowed or not, the effect of which, if disallowed, would only result to the benefit of the others, and not to the detriment of the estate.

It appears to us clear, that the absent creditors whose claims have been disallowed by the judgment of the court below, cannot be considered parties to this appeal, as no bond of appeal appears to have been given by them.

As to the syndic, it appears to us also clear, that his appeal must be dismissed on the ground, that all the parties having an interest in maintaining

the judgment, have not been made parties to it. Even conceding that the bond thus given be binding upon him in favor of the opponents, still we do not think it could be so considered [as to the other creditors who have an interest in maintaining the judgment. This objection is considered fatal, and may be noticed, *ex officio*, at any time, even without any motion to dismiss, by the court. 11 An. 409; *Simmons* v. *His Creditors*, 12 An.

It is, therefore, decreed, that the appeal be dismissed at the appellant's costs.