Frey, Trustee *vs.* Shrewsbury Savings Institution.

(Decided 6th March, 1882.)

ALEXANDER J. FREY, Trustee *vs.* THE SHREWS-BURY SAVINGS INSTITUTION.

*When a Conventional Trustee may Appeal from a Decree distributing the fund in his hands—When he may not appeal—Costs.*

A conventional trustee appointed to sell property and distribute the proceeds among creditors has the right to an appeal : 1st. Whenever his commissions, or other allowances as trustee are affected by the order of the Court below. 2ndly. In all cases where the trustee is interested in the fund to be distributed, as a creditor. 3rdly. In any case where the question of the increase or diminution of the *whole* fund in his hands as trustee is involved, and which increase or diminution would enure to the benefit or loss of *all* the creditors.

But where the question is a contest between the creditors of the debtor among themselves, the trustee has no right to intervene, and it is not his duty to prolong the litigation. In such cases, the creditors whose rights are affected are the proper persons to appeal.

Frey, Trustee *vs.* Shrewsbury Savings Institution.

Where, however, the Court is satisfied the trustee in appealing acted in good faith, and in discharge of what he supposed to be his duty, the costs will be paid out of the fund.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STONE, MILLER and IRVING, J.

*J. Alexander Preston,* for the appellant.

*D. G. McIntosh,* for the appellee.

STONE, J., delivered the opinion of the Court.

In the year 1861, Wm. Meade Addison and R. R. Boarman, trustees, sold a tract of land lying in Baltimore County, to Henry Latimer and Christof Kolter, and conveyed it to them as tenants in common. On the 7th of September, in the year 1878, Henry Latimer being then very much embarrassed, executed (his wife joining therein) a deed of trust of all his property to Alexander J. Frey, the appellant, for the benefit of all his creditors, with full power to sell the same, and distribute the proceeds among his creditors, according to their several equities. The interest of Latimer in the property conveyed to him, as tenant in common with Christof Kolter, passed under this deed to Frey, the trustee, and who, in the execution of his trust, duly sold the same, and reported the sale to the Circuit Court for Baltimore County, as required by law.

The interest of Christof Kolter was sold at the same time, but by a different trustee, and both trustees having duly made their reports, the sales were finally ratified by

that Court, on the 18th of June, 1880, and the case was referred to the auditor, to distribute the proceeds of the sale of the whole tract.

After the case was referred to the auditor, the Shrewsbury Savings Institution filed a petition in the case, alleging that before the purchase of the land by Latimer and Kolter, they had formed a copartnership, under the name of Kolter and Latimer, for the purpose of buying, working, and selling lands, and that although the land bought by them from Addison and Boarman, trustees, was conveyed to them as tenants in common, it was bought with the partnership funds, and was, in fact, the property of the firm of Kolter & Latimer, and was primarily liable for the debts of the firm. The said Savings Institution further alleged, that the firm of Kolter & Latimer was largely indebted to it, and claimed the payment of its debt out of the proceeds of sale.

Frey, the trustee of Latimer, answered this petition, denying that the land was partnership property, or bought with partnership funds, but claiming that the portion of the land sold by him, was the individual property of Latimer.

A great deal of proof was taken before the auditor, who made a report, distributing the proceeds of the sale of the whole land, after deducting the necessary expenses, to the Shrewsbury Savings Institution in payment of its claim, the auditor being of opinion, from the testimony before him, that the land was the property of the firm of Kolter & Latimer.

Frey, the trustee, excepted to this report, but the exceptions were overruled, the report was finally ratified, and the trustees were ordered to pay over the proceeds accordingly, and from this order, Frey, the trustee of Latimer, appealed to this Court.

We should affirm the order of the Court below, upon the merits of this case, as we think the testimony estab-

lishes with reasonable certainty, that the land so sold, was the property of Kolter & Latimer, and as such primarily liable for the debts of that firm; but we will rest our decision upon the right of the trustee in this case to take an appeal, deeming this case a proper one for a decision of that question.

A conventional trustee appointed to sell property, and distribute the proceeds among creditors, has the right of an appeal to this Court in the following cases:

1st. Whenever his commissions or other allowances as trustee are affected by the order of the Court below.

2ndly. In all cases where the trustee is interested in the fund to be distributed as a creditor.

3rdly. In any case where the question of the increase or diminution of the *whole* fund in his hands as trustee is involved, and which increase or diminution would enure to the benefit or loss of *all* the creditors.

But the appellant does not come under any of these heads. He has no interest whatever in the decision of the question presented in this record. His commissions as trustee are not affected by the order appealed from; he does not claim as a creditor of Latimer; and the case does not involve an increase or diminution of the trust fund, but it is a contest of creditors of Latimer among themselves. In such a case the trustee has no right to intervene, and it is not his duty to prolong the litigation. The creditors whose rights are affected, are the proper persons to appeal.

As, however, we are satisfied that the trustee in this case acted in good faith, and in discharge of what he supposed to be his duty, the costs will be paid out of the fund.

*Appeal dismissed.*

(Decided 13th March, 1882.)