PATRICK McCOLGAN, Trustee of THOMAS CLARKE *vs.* ELEANOR McLAUGHLIN, Executrix of PATRICK McLAUGHLIN.

*Conventional trustee—Appeal.*

A conventional trustee appointed by deed to sell property, and, after applying a part of the proceeds of sale as designated, to distribute the balance among creditors, has no right to appeal from an order fixing the amount of the claim of a judgment creditor, and directing its payment out of the trust funds.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and RITCHIE, J.

*James McColgan,* for the appellant.

*J. Alexander Preston,* for the appellee.

MILLER, J., delivered the opinion of the Court.

In February, 1869, Thomas Clarke and wife conveyed all their property to Patrick McColgan *in trust,* to sell the same at public or private sale, and to apply the proceeds, *first,* to pay the expenses of the trust, including a reasonable commission to the trustee, *second,* to pay Mrs. Clarke such sum in lieu of dower as a Court of equity would allow her if the property was sold under its decree, *third,* then to pay all the debts of Clarke in full, if the proceeds are sufficient, and *pro rata* if insufficient, and *fourth,* to pay over the residue, if any, to Clarke.

It appears from the record that the trustee from time to time sold portions of the property so conveyed to him; but never reported such sales to any Court of equity. The record also shows that in April, 1877, Eleanor McLaughlin, executrix of Patrick McLaughlin, recovered a judgment against Clarke in the Superior Court of Baltimore City, and that the suit in which this recovery was had, was commenced by Patrick McLaughlin in his lifetime, upon a cause of action which antedated the deed of trust. Having recovered this judgment the executrix in May, 1877, filed the bill in the present case, charging that a large amount of property had passed into the hands of the trustee under the deed of trust, and that he had refused to pay her judgment claim, or to render any account of the trust estate in his possession. The bill then prays that the trustee may disclose what part of the trust property is now in his hands, how much has been disposed of, where the same is situated, and that an account thereof may be taken under the Court's direction. In his answer the trustee admits that he had made several sales, but says he has not received the money therefor, except for one parcel, and has not, therefore, passed any account in the premises. He then denies the indebtedness of Clarke to McLaughlin, and also the regularity and validity of the judgment obtained by the complainant.

Afterwards, in obedience to an order to that effect, the trustee filed a report stating what property was conveyed by the deed, and the amount he had received for sales thereof. The case was then referred to the auditor, and after other proceedings which need not be stated in detail, the auditor reported an account in which the trustee was charged with the sum of $7945.26, being the aggregate amount of sales and interest, and, after a small allowance for other purposes, the sum of $2518.35, is distributed to the judgment claim of the complainant, leaving a balance

of $5297.87 in the hands of the trustee to await disposition under the further order of the Court. To this account the trustee filed exceptions, but solely upon the ground that the complainant's claim ought not to have been allowed. The Court overruled these exceptions, ratified the account, and directed him to apply the proceeds of sale accordingly. From that order the trustee has taken this appeal, and now a motion to dismiss has been made by the appellee.

This motion must prevail. In the recent case of *Frey, Trustee vs. The Shrewsbury Savings Institution, supra, p.* 151, it was determined by this Court that a conventional trustee appointed by deed to sell property and distribute the proceeds among creditors, has the right to appeal where the order complained of affects his commissions, where he is interested as creditor in the fund to be distributed, and where the question of the increase or diminution of the whole fund in his hands is involved, and which increase or diminution inures to the benefit or loss of all the creditors. But where the contest is between creditors, or where the validity or amount of a particular claim preferred by a creditor is the subject of dispute, the trustee, as such, has no interest in such a controversy, and has no right to intervene and prolong the litigation by taking an appeal. The order appealed from in the case now before us was passed in February, 1881, nearly four years after the filing of the bill. It ratifies the account stated by the auditor, but to that part of the account which charges him with the amount received from sales the trustee makes no objection, nor in fact could he make any as it is based upon his own admissions. His objection is to so much of the order as fixes the amount of the complainant's claim and directs it to be paid out of the funds in his hands. But it is very plain that he has no shadow of interest in the determination of that question, unless he shows himself to be a creditor of the trust estate, and a

creditor to *such an extent* that the balance of the fund left in his hands would be inadequate to pay his claim, and he has entirely failed to show that he has any such interest. It is true that in answer to a petition asking that he be required to give a new bond, he says, he "is by far the largest creditor of the said Thomas Clarke, and the only one, so far as he knows, remaining unpaid," but he states no amount, nor does he exhibit or refer to any vouchers showing how and when he became such creditor. We cannot accept this general and indefinite averment, as giving him such a position in the case as will entitle him to appeal from this order, and the appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 11th July, 1882.)