# Dorsey *v.* Sibert.

## *Motion to Dismiss Appeal.*

1. *Appeal by receiver in chancery cause.*—An appeal is given as matter of right, only to a party to the cause, or his personal representative (Code, § 3611); and it does not lie in favor of the receiver in a chancery cause, from an order or decree allowing claims filed by third persons against the funds in his hands, arising from the sale of property under the order of the court, and directing him to pay them.

[Dorsey v. Sibert.]

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

Motion to dismiss appeal, on facts stated in opinion.

DORTCH & MARTIN, for the motion.

W. H. DENSON, and WATTS & SON, *contra*.

STONE, C. J.—Daniel Callahan filed his bill in the Chancery Court of Etowah county, against the Rome & Decatur Railroad Company, and Grovestein & Pell, as defendants. The American Loan and Trust Company was subsequently made a party by amendment. It was alleged that the Railroad Company and Grovestein & Pell were insolvent; and on petition filed, Dorsey was appointed receiver to take possession of and preserve the property. Under a decree rendered in said cause, the property was sold, and a title made, and the proceeds of the sale, in part, were placed in the hands of the receiver, Dorsey. At this stage, petitions were filed in the court by two several persons, neither of them parties to the suit, alleging that they had rightful claims on said fund, and praying for an order of the court, directing that the receiver pay said claims. The receiver filed objections to the allowance of the claims, but the court overruled them, and ordered that the receiver make the payments. Thereupon the receiver, Dorsey, took the present appeal in his own name as receiver, the appeal bond reciting that it is taken from said two orders. There is a motion to dismiss the appeal.

The statute, Code of 1886, § 3611, confers the right of appeal. It can be claimed, "as matter of right," only by one of the parties, or his personal representative. Dorsey, the receiver, was not a party to the suit, and the motion to dismiss must prevail.

We offer no intimation on the merits of the questions sought to be raised. If there is any thing in them, we can consider it only when it shall arise on appeal by some party to the suit, who complains that the ruling is injurious to him.

Appeal dismissed.