## ERNEST J. KNABE, JR., Receiver, *vs.* REVERDY JOHNSON et al.

*Unauthorized Appeal by Receiver of Association—Costs.*

The receiver appointed to wind up the affairs of a building association upon its dissolution is not entitled to appeal from an order of Court affecting the distribution of the funds in his hands among the classes of persons entitled thereto.

In such case it makes no difference that an order of the lower Court authorized and directed the receiver to take the appeal but the same will be dismissed.

When the receiver of a building association takes an unauthorized appeal from an order of Court at the request of half of the general creditors of the association, the Court of Appeals, upon dismissing the appeal, directed the costs to be paid out of the funds applicable to the claims of the general creditors.

*Decided March 31st, 1908.*

Appeal from the Circuit Court of Baltimore City (Elliott, J.)

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Thomas and Worthington, JJ.

*Henry W. Williams* and *E. C. Carrington, Jr.*, (with whom were *Thomas & Williams* on the brief), for the appellants.

*John C. Rose, S. S. Field* and *Clayton C. Hall*, for the appellees.

Pearce, J. delivered the opinion of the Court.

The National Building Association of Baltimore City, a body corporate under the Laws of Maryland, was by a decree of the Circuit Court of Baltimore City, duly dissolved, and the appellant, Ernest J. Knabe, Jr., was duly appointed receiver to wind up the affairs of said corporation under the direction of said Court.

It appears from the record that about three years prior to the decree of dissolution, there being then some dissatisfaction with the management of the Association, it was determined at a meeting of the stockholders that each stockholder might elect to receive the book value of his shares of stock in cash, such cash with interest at four per centum until paid, to each shareholder in the order in which his shares might be filed for redemption, such payments to be made as rapidly as the cash receipts of the Association applicable thereto would permit; or he might exchange his shares of stock for bonds of the Association for an amount equal to the cash payments made upon his shares; said bonds to be payable in gold in 1912 with interest in the meantime payable semi-annually in gold, and to be a lien upon all the assets of the Association after payment of the stockholders· who elected to withdraw the then book value of their stock which was at, and by said stockholders meeting determined to be, 76.97 per cent of the amount paid in thereon. The appellees elected to take the book value of their stock upon the terms above stated, as did other stockholders aggregating about $187,000, while other stockholders aggregating about $177,300 elected to receive bonds on the terms above stated. Of the $187,000 above mentioned, about $181,000 has been paid off leaving only about $6,000 unpaid, which is held by the appellees, who have intervened by petition in the proceedings in which the decree of dissolution was passed, and who claim to be paid their 76.97 per cent of the amounts paid in by them, with interest as above stated, in preference and priority to the allowance or payment of any sums from the assets of said Association to the holders of any of the bonds issued as above mentioned.

The auditor, in stating an account designated as account B. distributing the assets of the Association, allowed the appellees the preference and priority claimed by them, leaving a balance for distribution among said bondholders, distributed among them by another account designated account C. The receiver excepted to the ratification of account B. on the ground, that the claims of the appellees are not preferred

claims and are only entitled to such dividends as allowed ordinary creditors of said corporation. The Circuit Court overruled these exceptions and ratified account B. The receiver then filed a petition alleging that he had received from the attorneys of record of about fifty per cent of the general creditors of said Association, a letter requesting him to obtain leave of the Court to appeal from the order overruling the receivers exceptions and ratifying account B, and he therefore prayed that he be authorized to appeal, and upon that petition the receiver was "authorized and *directed* to enter and take " such appeal.

The appellees have moved to dismiss this appeal "because the same was not taken by a party entitled to appeal." .

It is obvious that the order appealed from establishes no claim against the Association, and denies no claim asserted by it. It does not refuse, or diminish, the compensation of the receiver, nor in any manner effect any right of the receiver personally, nor his duty as such to conserve the whole estate for its distribution by the Court among those adjudged to be entitled to it. It is purely an order affecting the distribution of the funds in the hands of the receiver among two classes of persons entitled thereto. In *Ellicott* v. *Warford,* 4 Md. 85, the Court said, speaking of a receiver, "He is truly the hand of the Court. His holding is the holding of the Court from whom the possession was taken. He is appointed on behalf of all parties, and not of the plaintiff or one defendant only. His appointment is not to oust any party of his *right* to possession of the property, but merely to retain it for the benefit of the party who may, ultimately, appear to be entitled to it ; *and when that it is ascertained, the receiver will be considered as his receiver* " and that case was cited and applied to trustees, in *Lurman & Fowler* v. *Hubner*, 75 Md. 273. In *Frey* v. *Shrewsbury Saving Institution*, 58 Md. 154, it was held that a conventional trustee appointed to sell property and distribute the proceeds amongst creditors might appeal:

"1st. Whenever his commissions or other allowances as trustee are affected by the order of the Court.

2d. In all cases where the trustee is interested, *as creditor*, in the fund to be distributed.

3d. In any case where the increase or diminution of the *whole* fund in his hands as trustee is involved, and which increase or diminution would enure to the benefit or loss of *all* creditors. * * But in a contest of creditors among themselves, the trustee has no right to intervene, and it is not his duty to prolong the litigation. The creditors whose rights are affected, are the proper persons to appeal." And to the same effect is the case of *McColgan, Trustee,* v. *McLaughlin, Ext.,* 58 Md. 501.

In *Bosworth* v. *Terminal Association,* 80 Fed. Rep. 969, a receiver appealed from a decree awarding a preference to a claim for supplies over the debt secured by the mortgage in course of foreclosure. The Court said, "The true line of demarcation we think to be this: He has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the *entire* estate. He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent and not a partisan. His duty is to all parties in common. He should not become the advocate of one against another. * * *. What duty is imposed upon him to assert the supposed right of one creditor over another in respect to a common fund? * * * To sanction such action is to encourage vexatious litigation at the expense of the estate, which should be cast upon the interested parties." In that case, as in the case before us now, the receiver prayed leave to appeal which was allowed by the Court, and it was contended there, as here, that he was only pursuing the authority, and obeying the mandate of the Court, and therefore the appeal should be heard and determined. But the Circuit Court of Appeals in that case, held, as we think correctly, that "the doctrine cannot be sanctioned that the allowance of an appeal can operate to clothe the receiver with an interest which he has not, or

can impose upon an appellate Court the duty of hearing and determining a moot question."

There is nothing in section 382 of Art. 23 of the Code in conflict with the principles above stated. That section, it is true, provides that where receivers of any corporation shall be appointed by a Court upon or before the dissolution of such corporation, that they shall be vested with all the estate and assets of said corporation of every kind from the time of their qualifying as receivers, and shall be trustees thereof for the benefit of the creditors of such corporation and its stockholders, and that they shall proceed to wind up the affairs of such corporation under the direction of the Court by which they shall have been appointed, and shall have all powers necessary for that purpose. But this confers no beneficial title upon, or interest in the receivers. It vests them with the right of *possession* of all the estate and assets, for the benefit of those in whom the *title* may be adjudged by the Court, and it does no more.

Nor is the appellant warranted in the assertion in his brief that the receiver is acting as a receiver of an insolvent corporation under section 376 of Art. 23 of the Code. That section refers to corporations which "have been determined by legal proceedings to be insolvent." But here there has been no adjudication, nor even an allegation, of insolvency, and no such status can be declared except upon full proof or deliberate admission; nor are we to be understood as intimating any opinion as to the effect that present insolvency, if established, would have upon the rights of the contesting creditors in the present case.

Inasmuch as the receiver was not only authorized, but directed by the lower Court to take this appeal, it seems that the costs should not be awarded against him, but as it also appears from his petition, which is under oath, that said petition was filed in pursuance of the request of about fifty per cent of the general creditors of said association, we shall direct the costs of this appeal to be paid out of the funds applicable to the claims of all the general creditors of the association, for whose benefit the appeal was taken.

For the reasons stated the appeal will be dismissed.

> *Appeal dismissed—costs to be paid out of the fund to be distributed to the general creditors.*