## STATE EX REL. MILLER, Attorney General, v. PEOPLE'S STATE BANK.

(135 N. W. 196.)

**Banks — insolvency — appointment of receiver — appeal by receiver from order granting preference to one creditor.**

1. A receiver of an insolvent banking corporation, appointed in an action brought by the state in accordance with chap. 27, art. 3, Rev. Codes 1905, to sequester and distribute its corporate property and dissolve the corporation, and who has no personal interest in the estate of the insolvent, is an indifferent person between the creditors, and has no right to take sides in favor of one creditor as against another, and hence, cannot maintain an appeal from an order of the court which appointed him, granting one creditor preference rights to the assets of the insolvent bank.

**Receivers — appeal by — liability for costs.**

2. The appeal of the receiver in this case, having been taken by permission of the district court, in good faith, on the order from which he appealed, being affirmed, costs will not be taxed against him personally, but against him as receiver.

Opinion filed February 6, 1912.

Appeal from an order of the District Court of Nelson county, first judicial district; *Templeton, J.*

Appeal dismissed.

*Bangs & Robbins,* for appellant.

*S. G. Skulason,* State's Attorney, for respondent; *Scott Rex,* of counsel.

SPALDING, Ch. J.   The People's State Bank of Lakota was a banking corporation organized under chap. 23 of the Laws of 1890, engaged in the banking business at Lakota, in Nelson county, North Dakota, until January 27, 1910, when it was taken in charge by the public examiner.   Thereupon an action was brought by the attorney general, under the title of "the State of North Dakota, ex rel. Andrew Miller, Attorney General of Said State, Plaintiff, v. The People's State Bank, a Corporation, Defendant," in accordance with the provisions of chap. 27, art. 3, Rev. Codes 1905.   Such action was brought against the bank as an insolvent banking corporation, to sequester and distribute its corporate property, and to dissolve the corporation.

One George A. Kellogg was, by the court, duly appointed receiver thereof, and qualified and entered upon the performance of his duties. While said Kellogg was so acting, as we understand the matter, the county of Nelson presented its claims against the bank for county funds therein deposited by its treasurer, in accordance with the provisions of law relating to depositaries of public moneys, and the receiver was petitioned to allow said claims as preferred claims against the assets of said bank, and that he pay the same in the order of their priority, as provided by § 7387, Rev. Codes 1905.   The receiver declined to allow the county's claim to preference, whereupon the county petitioned the district court of the first judicial district, setting forth the facts and praying that its claim be made preferred.   To the petition of the county, Kellogg, as receiver, interposed an answer and contested the right of the county to a preference.   Thereupon the court made an order allowing such preference in the sum of $10,158.08, in accordance with subd. 1, § 7387, Rev. Codes 1905, and the receiver was directed to pay such claims accordingly.   He thereupon secured permission from the court to appeal from such order to this court.

On the appeal several errors are assigned, which we cannot consider, as we have reached the conclusion that the receiver cannot maintain this appeal.   The receiver does not claim to be a creditor himself. The order involves no allowance or disallowance of compensation or expenses of the receiver as such, and relates solely to the relative rights

of the creditors of the insolvent estate. The receiver is an officer of the court and an indifferent person as between the creditors. Hoffman v. Bank of Minot, 4 N. D. 473, 61 N. W. 1031. He has no right to take sides in favor of one creditor as against another. He held the order of the court as his protection, and if the rights of any creditor were adversely affected by such order, or were likely to be so affected, that creditor could take the proper and necessary steps to enable him to prosecute an appeal therefrom. The effect of the order is neither to enhance or diminish the assets of the insolvent bank as a whole, but only goes to the relative rights of claimants in the distribution of the assets, and in this subject the receiver has no interest, and hence cannot maintain an appeal from the order of the district court. Frey v. Shrewsbury Sav. Inst. 58 Md. 151; McColgan v. McLaughlin, 58 Md. 499; Knabe v. Johnson, 107 Md. 616, 69 Atl. 420; Battery Park Bank v. Western Carolina Bank, 127 N. C. 432, 37 S. E. 461; Dorsey v. Sibert, 93 Ala. 312, 9 So. 288; Beer v. Their Creditors, 12 La. Ann. 774; Bosworth v. Terminal R. Asso. 26 C. C. A. 279, 53 U. S. App. 302, 80 Fed. 969; 2 Cyc. 641.

In Frey v. Shrewsbury Sav. Inst. 58 Md. 151, the Maryland court held that a conventional trustee appointed to sell property and distribute the proceeds among creditors has the right of appeal only in the following cases: First, whenever his commissions or other allowance as trustee are affected by the order of the court below; second, in all cases where the trustee is interested in the fund to be distributed, as a creditor; third, in any case where the question of the increase or diminution of the whole funds in his hands as trustee is involved, and which increase or diminution would inure to the benefit or loss of all the creditors.

And in McColgan v. McLaughlin, 58 Md. 499, the court had ordered a trustee to pay, out of funds belonging to the estate in his hands, certain judgments obtained prior to the execution of the trust deed under which he was acting. The trustee appealed, and the court said: "But it is very plain that he has no shadow of interest in the determination of that question, unless he shows himself to be a creditor of the trust estate, and a creditor to such an extent that the balance of the fund left in his hands would be inadequate to pay his claim."

And in the Knabe Case the claimant presented a claim for allowance

in preference and priority to certain other claims, and his preference was allowed. The receiver appealed on the ground that the claimant's claims were not preferred claims, and that he was only entitled to such dividends as were allowed all creditors of the corporation. The circuit court overruled his contention. He appealed on leave of the court. A motion was made to dismiss the appeal on the ground that it was not taken by a party entitled to appeal, and the court dismissed the appeal, saying: "He is appointed on behalf of all parties, and not of the plaintiff or one defendant only. His appointment is not to oust any party of his right to possession of the property, but merely to retain it for the benefit of the party who may ultimately appear to be entitled to it, and when that is ascertained the receiver will be considered as his receiver."

In Bosworth v. Terminal R. Asso. 26 C. C. A. 279, 53 U. S. App. 302, 80 Fed. 969, the receiver appealed from a decree awarding a preference to one creditor. The court said: "He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent, and not a partisan. His duty is to all parties in common. He should not become the advocate of one against another. . . . Such action is to encourage vexatious litigation at the expense of the estate which should be cast upon the interested parties." The Federal court then discussed the effect of the leave granted the receiver to appeal, and held that the doctrine cannot be sanctioned that the allowance of the appeal can operate to clothe the receiver with an interest which he has not, or to impose upon an appellate court the duty of hearing and determining a moot question.

Analogous questions have been repeatedly decided by the supreme court of California. In Bates v. Ryberg, 40 Cal. 463, it was held that the executor of an estate cannot maintain an appeal from a final order of distribution, upon the grounds that the property was improperly divided between the legatees. The only matter complained of by the executor in that case was that some of the legatees were to be paid, by the order of the court, more than they ought to receive, while the others would receive less than they were entitled to, by the terms of the will. The court said: "The executor, however, does not represent any of these parties as against the others, and if they are satisfied with the dis-

tribution he cannot complain because some have received less than they are entitled to. He cannot litigate the claims of one set of legatees as against the others, at the expense of the estate."

While the foregoing are only a few of the authorities on the subject, they are sufficient to sustain our conclusion, which is that the receiver cannot maintain an appeal from the order of the district court, allowing the claims of the county a preference in the assets of the insolvent bank. Inasmuch as we are satisfied that the receiver acted in good faith in taking the appeal, and did so by leave of court, the costs will be taxed against him as a receiver, and not against him personally.

The appeal is dismissed.