[No. 2083]

STATE OF NEVADA, ON THE RELATION OF JOHN
SPARKS, ET AL., PLAINTIFF, v. STATE BANK
AND TRUST COMPANY (A CORPORATION), ET
AL., DEFENDANTS.

ESMERALDA COUNTY, PETITIONER AND RESPONDENT,
v. FRANK WILDES, AS RECEIVER OF THE STATE
BANK AND TRUST COMPANY (A CORPORATION),
APPELLANT.

1. APPEAL AND ERROR—APPEAL, WHEN LIES—JURISDICTION.
     An appeal is a matter purely of statutory right, and, unless
     authorized by statute, any attempted appeal taken from a
     judgment or order not appealable is void and confers no juris-
     diction on the appellate court.

2. APPEAL AND ERROR—RECEIVER'S RIGHT OF APPEAL.
     A receiver may appeal from any order affecting his proper
     duties or personal rights, or where the estate as a whole is
     interested.

3. APPEAL AND ERROR—RECEIVER'S RIGHT OF APPEAL.
     A receiver, as such, has no personal interest in the segrega-
     tion or distribution of the assets in his hands otherwise than
     for his compensation, and orders affecting only the rights of
     creditors, as between each other, do not affect the receiver
     personally, and he has no right of appeal from such orders.

4. RECEIVERS—DUTIES—COMPENSATION—EXPENSES.
     It is the duty of a receiver to carefully and faithfully collect,
     protect, and enhance the assets of the institution of which he
     is receiver, and to administer its affairs to the end that its
     creditors and owners may receive what is justly due them.
     He is entitled to proper compensation for his services and an
     equitable allowance for administrative expenses. His duty
     is to all the parties in common, and he should not become an
     advocate of one creditor, or class of creditors, as against
     another creditor or creditors.

5. APPEAL AND ERROR — WHO ENTITLED TO APPEAL — "AGGRIEVED"
     PARTY DEFINED.
     Under the provisions of Rev. Laws, sec. 5327, providing that
     "any party aggrieved may appeal," etc., the word "aggrieved"
     refers to a substantial grievance.   The imposition of some
     injustice, or illegal obligation or burden, or the denial of some
     equitable or legal right, would constitute a grievance in the
     contemplation of the statute.

6. APPEAL AND ERROR—RECEIVER'S RIGHT OF APPEAL.
     A receiver has no right of appeal from an order segregating
     creditors into classes with reference to the priority or prefer-
     ence of their claims, or directing the payment of a certain

claim in preference to others, or an order adjudicating a certain claim to be preferred as against others that may be classed as general claims.

7. APPEAL AND ERROR—RECEIVER'S RIGHTS OF APPEAL—BANKS AND BANKING.

The receiver of a state bank in course of involuntary liquidation has no right of appeal from an order decreeing a certain deposit of county funds to be a preferred claim over that of general creditors and directing its payment in full in advance of the claims of general creditors.

8. APPEAL AND ERROR—RECEIVER'S RIGHT OF APPEAL—JURISDICTION —ORDER OF DISTRICT COURT PERMITTING APPEAL.

An appeal is a statutory right, and where a receiver is without right of appeal an order of the district court authorizing the receiver to prosecute an appeal is a nullity and cannot invest this court with jurisdiction.

APPEAL from the First Judicial District Court, Ormsby County; *F. P. Langan,* Judge.

Proceeding upon petition by Esmeralda County to the First Judicial District Court, in and for Ormsby County, in the matter of the State Bank and Trust Company in involuntary liquidation, for a decree declaring a deposit of certain county funds a special deposit and a preferred claim, and directing the receiver, F. L. Wildes, to pay the same. From a decree in favor of Esmeralda County, petitioner, F. L. Wildes, receiver, appeals. **Dismissed.**

STATEMENT OF FACTS

On October 23, 1907, the State Bank and Trust Company, a corporation which had theretofore been engaged in the general banking business with its principal place of business at Carson City, Ormsby County, Nevada, was adjudged insolvent by the district court of the First judicial district, in and for Ormsby County. The State Bank and Trust Company, as a corporation, had, prior to the date mentioned, conducted and maintained branches in several parts of the state, one of which was located in Goldfield, Esmeralda County.

Subsequent to the action of the district court in adjudging the institution insolvent, and on the 18th day of May, 1908, the court appointed Frank L. Wildes receiver of the insolvent institution. Thereafter the said

Wildes duly qualified as receiver and entered upon the discharge of his duties.

On October 19, 1911, the petitioner, Esmeralda County, filed its original petition in the district court of the First judicial district by which said petition the county prayed the court to decree that a certain sum of money, to wit, the sum of $4,870.03, alleged to have been deposited by the county treasurer of Esmeralda County in the Goldfield branch of the State Bank and Trust Company, be held to be a special deposit and that the court make an order directing the receiver of the State Bank and Trust Company to pay Esmeralda County the sum of $4,870.03, with costs. To an amended petition filed by Esmeralda County as petitioner, the receiver Wildes answered denying that the money placed by the county treasurer of Esmeralda County in the Goldfield branch of the State Bank and Trust Company was placed on special deposit, or for safe-keeping, or that the same was received or accepted by the State Bank and Trust Company as a special deposit, or for safe-keeping. In his answer the receiver admitted that the sum specified had been deposited with the State Bank and Trust Company at its Goldfield branch by E. Hardy, the county treasurer, but denied that the same was deposited for the use and benefit of the county.

A hearing on the petition was conducted before the court, at the conclusion of which the court rendered judgment in favor of petitioner county and entered its decree that the sum of $4,870.03 was received by the Goldfield branch of the State Bank and Trust Company, from E. Hardy, county treasurer of Esmeralda County, as a special deposit, that the same was a preferred claim in favor of Esmeralda County and against the assets of the State Bank and Trust Company, which came into the hands of the receiver Wildes; that the sum of $974 had been paid by said receiver on said claim by way of dividends; that there remained a balance due Esmeralda County on said preferred claim of $3,896.03. Whereupon an order was made by the said court directing the said

Frank L. Wildes, receiver of the State Bank and Trust Company, to pay to Esmeralda County the sum of $3,896.03 out of any funds on deposit in his hands as receiver and to reimburse said county for its costs expended in the proceeding.

Following the service of this order upon the receiver the court made an order that the said Frank L. Wildes, as receiver of the State Bank and Trust Company, be permitted to appeal to this court from the decision and judgment theretofore entered.

Following the perfecting of the appeal on the part of the receiver, Esmeralda County, the petitioner and respondent herein, filed its motion to dismiss the appeal upon the ground that the appellant, Frank L. Wildes, as receiver, had no interest in the proceedings; that he was not an aggrieved party within the meaning of section 5327 of the Revised Laws; that neither the order of the district court directing the receiver to pay Esmeralda County the sum of money stated, nor the order adjudging the said sum a special deposit, or preferred claim, were orders from which an appeal could be prosecuted under the laws of Nevada.

*Mack & Green* and *A. A. Heer,* for Appellant:

It must be admitted that the receiver has no personal or individual interest in the determination of the question as to whether the petitioner is entitled to a preferred claim against the bank. It is a matter of no personal consequence to him whether the fund in his hands is paid to one creditor or to another. It cannot, however, be denied that if he stands as a representative of all creditors of the bank, as well as its stockholders, he is interested in his official and representative capacity in distributing the funds in his hands according to the manner provided by law. The law under which he was appointed receiver most certainly makes him the representative of creditors, and officially he is interested in his representative capacity in preventing any one creditor from preferring his claim over all other creditors to their

detriment, injury and prejudice, and especially so when the creditor seeking such preference is not entitled to the same under the facts and law of the case.

The receiver is not, as counsel contends, a mere agent of the court appointing him, and as such agent compelled to comply with and obey every void or illegal order of the court making the appointment. Neither the law nor his appointment invests him with any authority to commit any wrongful or unlawful act, and the court has no jurisdiction, power, or authority to direct or compel him to commit such acts. The receiver's authority ends with the execution of lawful orders.

The receiver has been figuratively styled by many of the decisions as an "agent" of the court, an "arm" of the court, a "hand" of the court, and by other somewhat meaningless figures of speech. A careful analysis of these figures of speech shows that taken literally they do not fully, correctly, or accurately describe the official relation of a receiver to the court appointing him and the law of his appointment. It is true that he is an instrumentality through which the court executes its orders, but, more accurately speaking, he is a creature, a minion of the law. He is just as much a representative of the court that appointed him, and is just as fully bound, and more so, to execute the orders and decrees of this court as those of the court which made the appointment.

We fail to see the reason or logic which prevents the trial court from having its receiver review its decisions on appeal in cases like the one at bar. The authorities are by no means in harmony on the question. There are quite as many authorities holding that the receiver may appeal, either with or without leave of court so to do, as there are that he may not appeal. Certainly *First National Bank* v. *Bunting*, 59 Pac. 929, and *Peck* v. *Johnson*, 76 N. E. 634, cited by counsel for respondent, support the contention of the appellant and concede his right to appeal under the leave granted in the case at bar.

The following cases hold that a receiver may appeal from a decision affecting a fund or property in his hands:

*Thom* v. *Pittard,* 62 Fed. 232; *Felton* v. *Ackerman,* 61 Fed. 225; *Melendy* v. *Barbour,* 78 Va. 544; *Guarantee Trust Co.* v. *Philadelphia Co.,* 69 Conn. 709, 38 L. R. A. 804, 806; *People* v. *St. N. Bank,* 28 N. Y. Supp. 407; *Pickering* v. *Richardson,* 106 Fed. 614; *Rust* v. *United Water Works Co.,* 70 Fed. 129, 17 C. C. A. 16.

In a note contained in 119 Am. St. Rep. at page 757 (*In re Switzer*), it is contended that the weight of authority is that a receiver may appeal when granted leave so to do by the court appointing him.

In *McKinnon* v. *Wolfenden* (Wis.) 47 N. W. 436, it is conceded that a receiver had a right of appeal, when authority so to do is conferred by the court appointing him.

It is claimed by respondent that the receiver has no right of appeal in an action between rival creditors as such. This much may be conceded, but the creditors were not parties to this proceeding. They were not represented unless they were represented by the receiver in his official capacity. (*Bingham* v. *Marion Trust Co.,* 61 N. E. 29; *McGregor* v. *Third National Bank of Atlanta,* 53 S. E. 93; Alderson on Receivers, sec. 588, p. 797; *Fagan & Osgood* v. *Boyle Ice Machine Co.,* 65 Tex. 324, 331; *First Nat. Bank of Detroit* v. *Barnum Wire and Iron Works,* 25 N. W. 202.)

*M. A. Diskin,* District Attorney of Esmeralda County, for Respondent.

By the Court, McCARRAN, J. (after stating the facts):

The right of appeal to this court is one based entirely on statute, and this court is prohibited from taking jurisdiction unless the party appealing has, in the first instance, the statutory right of appeal.

Section 5327, Revised Laws of Nevada, prescribes: "Any party aggrieved may appeal in the cases prescribed in this title. The party appealing shall be known as the appellant and the adverse party as the respondent."

In the case of *Kapp* v. *Kapp,* 31 Nev. 70, this court cited approvingly its former decision rendered in the case

of *State* v. *Langan*, 29 Nev. 459, wherein it said: "An appeal to this tribunal is a matter purely of statutory right, and, unless authorized by statute, any attempted appeal taken from an order not appealable is void, and therefore could not confer any jurisdiction upon this court to act."

The right of receivers to appeal from orders of the court by which they were appointed has been variously dealt with by the several jurisdictions. The Supreme Court of California, in the light of a special provision of the code of civil procedure in that state (Sec. 963, Code of Civil Procedure), held that an order directing a payment of a preferred claim is appealable. (*In re Smith*, 117 Cal. 505.)

It was a rule under the old chancery practice, and this rule is adhered to in states where that practice is unchanged by statute, that a receiver may appeal from any order where such order might affect his proper duties. It is almost universally held that a receiver may appeal from any order which affects his personal rights, such as passing upon his accounts, or fixing his fees or compensation. In the case of *People* v. *St. Nicholas Bank*, 28 N. Y. Supp. 407, the court held that a receiver having a right to apply to the court for instruction was entitled to instruction by the entire court and therefore might appeal from a special to a general term. This decision, however, was rendered in the light of a system of procedure peculiar to the statutes of New York.

In an instance where the estate as a whole is interested, the receiver thereof may appeal from the judgment against him officially. In a case where an action is commenced by a party not interested in the estate, the receiver may appeal from an order establishing the party's claim against the estate. In a contest between two sets of creditors as to the distribution of the funds, the receiver has no interest and is not entitled to the right of appeal. (Alderson on Receivers, sec. 246; *Battery Park Bank* v. *Western Carolina Bank*, 127 N. C. 432.)

Speaking upon this subject the Supreme Court of North Carolina in the Battery Bank case, *supra*, a case somewhat analogous to the one at bar, said: "The receiver is the agent of the court. Its judgment is full protection to him, and it is a rare case that he can be justified in appealing, and certainly he is not when, as in this instance, the question is merely between two sets of creditors as to the distribution of the fund."

In the case at bar the petitioner county sought to have itself placed in that set of creditors who, by reason of the nature of their deposits with the defunct institution, were entitled to have their claims adjudged to be preferred and thereby segregated from that other set of creditors who, by reason of the nature of their deposits with the institution, were general creditors and only entitled in law to share pro rata the accumulation or residue of the estate.

As we have already stated, a receiver in an instance of this character has the right of appeal when the court, of which he is the representative, charges, or refuses to allow, items by which action the court does him wrong personally. His right of appeal, however, is limited to that peculiar class of orders or decisions in which, or by reason of which, he is the person interested, or may be personally affected, or by which the estate as a whole is affected.

A receiver appointed by a court to collect the assets of an insolvent institution and to administer its affairs cannot be said to be personally interested in the segregation, or distribution, of the funds that may, by reason of his activities, or the performance of his duties, come into his hands, unless he occupies the dual capacity of both creditor and receiver, in which instance his right of appeal as a creditor, from an order or decree of the lower court, might be sustained on the theory that, being personally interested in the prorating or distribution of the estate, he could invoke by appeal, or review, a mandate of the higher court to enforce a right of which he might have been deprived by the lower court, or to relieve him of

a wrong inflicted upon him. As receiver, acting in his official capacity and without personal interest, he is bound by the orders of the court of which he is the appointed representative when those orders affect only those parties who, by reason of their relationship as creditors, are interested in the equitable distribution of the estate and in nowise affect him personally.

If a receiver in a case of this kind may appeal from one order, the result of which would not affect him personally, may he not with equal propriety appeal from every order and thereby increase his expenses and multiply his attorney's fees, to the injury of the legitimate creditors and the unnecessary depletion of the estate?

In the case of *Chicago Title and Trust Company, Receiver of the Jas. H. Walker Co.*, v: *Jos. Caldwell*, 58 Ill. App. 219, the appellate court of Illinois, in passing upon this identical question, said: "We cannot sanction, even by silence, the idea that a receiver may set up in opposition to the court his theories of how the assets shall be disposed of. Next we will have clerks appealing from directions of the courts to enter orders unwise in the opinion of the clerks."

Where, as in this instance, a receiver is appointed to take over the affairs of an insolvent institution, he is not appointed for the purpose of representing any one individual or class of individuals as against the others. It is his duty, under his appointment as receiver, to carefully and faithfully collect, protect, and enhance the assets of the institution and to administer its affairs to the end that its creditors may receive what is justly due them and that its stockholders, if any there be, may receive the residue. He is entitled to proper compensation for his services, as he is also entitled to an equitable allowance for administrative expenses, and, where an order of court is entered with reference to either of these, they being matters in which he is personally interested, he has the right of appeal from such orders, if he believes himself aggrieved.

As is stated by Mr Alderson, in his work on Receivers, the receiver has the right of appeal with respect to any

claim asserted by or againt the estate from any decree which affects his personal rights, but not from any order or decree declaring the respective equities of the parties to the suit. (Alderson on Receivers, p. 315.)

In the case of *First National Bank of Pocatello* v. *C. Bunting, et al.*, 59 Pac. 929, the Supreme Court of Idaho, passing upon this question in a case very much analogous to the one at bar, and in which an appeal was taken by a receiver from orders made by the lower court directing that moneys deposited in the insolvent 'institution by county treasurers, and which had come into the hands of the receiver, be turned over to the several counties, said: "It should be borne in mind that this is not an action against the receiver, but that in this action the receiver was appointed. Then the receiver has no personal interest in the judgment from which he appeals. It is of no personal interest to the receiver whether he pays the money mentioned in the several judgments to the respondent counties, or whether he pays them to the general creditors. It was his duty to obey the orders of the court appointing him, of which he is only an agent. He had no right to appeal from said orders."

It must be observed that our statute prescribes that parties aggrieved may appeal. The word "aggrieved" refers to a substantial grievance. The imposition of some injustice, or illegal obligation or burden, by a court, upon a party, or the denial to him of some equitable or legal right, would constitute a grievance in the contemplation of this statute. (*Wilson* v. *Board of Regents*, 46 Colo. 100.)

The segregation of creditors into two classes with reference to the priority or preferment of their claims, or an order directing the payment of a certain claim in preference to others, or an order adjudicating a certain claim to be preferred as against others that may be merely general, are not such orders as affect a receiver in an instance of this character, to the extent of denying him personally some claim of right, either to property or person; or of imposing upon him personally some burden or obligation.

The Supreme Court of Colorado, in the case of *Wilson* v. *Board of Regents, supra,* passing upon the right of an executor to appeal from an order directing partial distribution of an estate, said: "It is not apparent that appellant is thus affected by the order complained of. He is not concerned in the slighest degree, in any legal sense, with the question of the proposed partial distribution of the residuum of said estate. * * * He has no personal interest in it; he acts purely in a representative and official capacity. If the contention of the appellant is correct, and to be upheld, the power is placed in the hands of such a representative official to indefinitely tie up and postpone the settlement and distribution of any estate, where no dispute of substance whatever exists and upon flimsy and trifling pretexts, in the interest only of one seeking, in his official capacity, to retain possession of the property involved. The law does not contemplate or approve such action, and courts should neither allow nor sanction it when properly called to their attention. The order of the court below is a full and complete protection to the executor for whatever he may do by way of disposition of the property, within its terms. This being true, what possible interest has he in the further prosecution of the action?"

As we have already stated, there are instances in which the receiver may rightfully appeal from an order of the court of which he is the appointee, as, for instance, where his commissions or other allowances as trustee are affected by the order, or where he is interested in the fund to be distributed as a creditor, or where the question of the increase or diminution of the whole fund in his hands as trustee is involved, and such increase or diminution would inure to the benefit or loss of all the creditors.

The order made by the lower court in this instance does not affect the receiver, for any of the reasons stated above. His commissions are not affected; he is not a creditor, and the order does not involve an increase or diminution of the estate, but, on the other hand, the matter resolves itself into a contest between creditors of the

insolvent institution wherein one creditor seeks to have its claim preferred for payment as against all the others.

"In such a case," says the Supreme Court of Maryland, "the trustee has no right to intervene, and it is not his duty to prolong the litigation. The creditors whose rights are affected are the proper persons to appeal." (*Frey* v. *Shrewsbury Savings Institution,* 58 Md. 151.)

It was held by the Supreme Court of Maryland, in the case of *Knabe* v. *Johnson,* 107 Md. 618, in passing upon an appeal taken in a proceeding similar to the one at bar, that such an order was one simply affecting the distribution of the funds in the hands of the receiver among two classes of persons entitled thereto, and, as such an order in no wise affected the compensation of the receiver, or any personal right that he might have, or his duty in serving the whole estate, he was not entitled to prosecute an appeal. In this respect the court said: "His holding is the holding of the court from whom the possession was taken. * * * His appointment is not to oust any party of his right to possession of the property, but merely to retain it for the benefit of the party who may, ultimately, appear to be entitled to it; and, when that is ascertained, the receiver will be considered as his receiver."

A petition in a case of this character is merely an appeal to the lower court to determine and adjudicate the respective equities of the parties who may be creditors of the insolvent institution, and, when such adjudication and determination has been made, to require its servant, the receiver, to carry out the orders of the court made pursuant to such determination. When the determination has been made, and the order issued, it constitutes the investiture by reason of which and under authority of which the acts of the receiver cannot be questioned. It is true that one or more of the creditors—the party or parties really interested in the proceedings and affected by the order—might appeal from the order, but the receiver not being a party affected should stand indifferent and not a partisan. His duty is to all the parties in common; he should not become an advocate

of one creditor against another, or of one class of creditors against another.

The appellant contends here that, as the court made an order allowing the receiver to appeal, and as such appeal is taken pursuant to the authority and order of the lower court, therefore the appeal should be heard and determined. We see no merit in this contention. The power of this court to hear and determine matters on appeal is prescribed by statute. It is a question of jurisdiction, and this jurisdiction is one with which this court cannot invest itself, however anxious the court might be so to do, or however urgent the matter might be. No order of the lower court, no sanction, or permit, can authorize this court to take cognizance of a matter on appeal unless the right of appeal clearly appears as a matter of law. While it is true that in this case the receiver, appointed by the court to take over and administer and wind up the affairs of the defunct institution, was invested with general powers to perform his duties, to the end that all the estate and assets might be collected, conserved, and thereafter properly distributed, nevertheless this conference of power conveyed no beneficial title upon or interest in the receiver. There was no duty imposed upon him to assert the rights of one creditor or class of creditors over those of another in respect to the common fund, nor in respect to their particular claim or preference. (*Knabe v. Johnson*, 69 Atl. 420; *State, ex rel. Miller, Attorney-General,* v. *People's State Bank*, 135 N. W. 196.)

In the case of *State, ex rel. Miller,* v. *People's Bank, supra*, the Supreme Court of North Dakota, in considering a matter identical with the one at bar, and in a case where the conditions and circumstances were almost analogous, sustained their former decision in the case of *Hoffman* v. *Bank of Minot*, 61 N. W. 1031, wherein they declared that a receiver, being an officer of the court, in matters of this character must assume an indifferent attitude as between creditors of the estate, and where one creditor seeks to have his claim preferred as against another, or as against all the others, and the court determines and decides in favor of his claim and orders the

receiver to pay the claim, the effect of the order neither enhances nor diminishes the assets of the insolvent institution as a whole. The relative rights of the respective claimants with reference to the distribution of the assets are the only things that are determined by the order, and on this subject the receiver is without interest and, being a disinterested party, as between the claims of the creditors of the estate, he is not a party aggrieved and, hence, cannot maintain an appeal from the order of the court appointing him.

The doctrine as laid down in the case of *State, ex rel. Miller,* v. *People's State Bank, supra,* and which is especially applicable in the case at bar, by reason of the fact that the conditions are analogous, is a doctrine that has been generally endorsed to a degree of considerable uniformity by the courts of last resort to which the matter has been presented. (*Milton J. Forman, Receiver, et al.,* v. *Defrees, Brace & Ritter,* 120 Ill. App. 486; *Jno. W. Sutton, Receiver,* v. *Louis Wilber,* 100 Ill. App. 360; *First National Bank* v. *C. Bunting,* 59 Pac. 929; *Bates* v. *Rhyburg,* 40 Cal. 463; *Frey* v. *Shrewsbury,* 58 Md. 151; *Wilson* v. *Board of Regents,* 46 Colo. 100; *Battery Park Bank* v. *Western Carolina Bank,* 127 N. C. 432; *Dorsey* v. *Siebert,* 93 Atl. 312; *Bosworth* v. *Terminal Road Association,* 80 Fed. 969.)

In the case of *Bosworth* v. *Terminal Road Association, supra,* the United States Circuit Court of Appeals for the seventh circuit, having under consideration the question of the right of a receiver to appeal, where the court below made an order similar to the one appealed from in this case at bar, said: "While it is true that a receiver is the instrument of the court for the conservation of the estate which the court has taken into its possession for administration, it is also true that in a sense he represents all the parties in interest. His duty is to defend the estate against all claims which he deems to be unjust. His duty is to conserve the estate as a whole for its distribution by the court among those who shall be adjudged to be entitled. He represents the estate, with right to sue to recover demands due to it, with right to defend it

against claims asserted. In this respect we concur with the Circuit Court of Appeals for the fourth circuit, that this duty carries with it the right and the duty, in case of doubtful claim, to take the judgment of the court of last resort. * * * This right and duty should, however, be limited in its exercise to those cases in which the estate, as a whole, is interested to enforce a right or to defend against a claim asserted. In respect to many matters the receiver has no right of appeal, while in respect to others his right of appeal may not be gainsaid. * * * The true line of demarcation we think to be this: He has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the entire estate. He has the right of appeal from any decree which affects his personal rights, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent, and not a partisan. His duty is to all parties in common. He should not become an advocate of one against another."

The case, decided by the Circuit Court of Appeals for the seventh circuit, was by writ of *certiorari* carried to the Supreme Court of the United States, and that court, speaking through Mr. Justice Brewer, declared that in that particular action, it being one in which a receiver was appointed on the foreclosure of a mortgage to take charge of the mortgaged property, the proper entry should have been an affirmance of the decree rather than a dismissal. In speaking of the right of the receiver generally to appeal, the court said: "He may likewise defend the estate against all claims which are antagonistic to the rights of either parties to the suit, subject to the limitation that he may not, in such defense, question any order or decree of the court distributing burdens or apportioning rights between the parties to the suit, or any order or decree resting upon the discretion of the court appointing him. * * * Neither can he question any subsequent order or decree

of the court distributing the estate in his hands between the parties to the suit.   *   *   *   He is to stand indifferent between the parties, and may not be heard, either in the court which appointed him or in an appellate court, as to the rightfulness of any order which is a mere order of distribution between the parties." (*Bosworth* v. *Terminal Road Association*, 19 S. C. 625.)

Having concluded that the receiver in an action of this kind is not a party aggrieved in the contemplation of the statute and cannot, therefore, prosecute an appeal to this court from an order of this character, we have determined to dismiss the appeal.

Any creditor, or any set of creditors, of the insolvent bank might have appeared in the lower court pursuant to the notice given at the time of the hearing of this matter and resisted the making of the order, and it was within their power to prosecute an appeal to this court from such an order—they being properly the parties aggrieved.

While it is our opinion, without determining the matter, that, on the record as it is disclosed, the judgment of the lower court should have been affirmed in this instance, yet the seriousness and importance of the result of dismissing an appeal in cases of this general character causes us rather to reflect on the absence of a law which would provide for a better protection for the creditors and their respective interests. The receiver, being by rule prohibited from taking sides with one creditor, or set of creditors, against another, and being required to remain neutral in an action of this character, and, therefore, being deprived of the privilege of appeal, it appears to us regrettable that some power is not vested in the court appointing a receiver, in a case of this kind, whereby at the very time of the appointment of the receiver, or on occasions when the court might deem it essential, it might appoint some agent, either selected by the creditors or by the court, whose duty it would be solely to represent the creditors separate and apart from the receiver and who might be empowered, by reason of

his representative capacity, to prosecute an appeal so that the sanction or guidance of the court of last resort might be afforded not only to the receiver, as the representative of the estate, but also to the court appointing him.

It is manifest from the order made by the lower court in this case that it was the desire of that court, if the statute permitted it, that this court should pass upon its findings and conclusions in this matter, but, however beneficial such a review might be, the jurisdiction of this court is fixed by the constitution and the statute.

It therefore follows that the appeal in this case must be dismissed.

It is so ordered.

NORCROSS, J.: I concur.

TALBOT, C. J.: I concur in the order.