# FINCH, VAN SLYCK & McCONVILLE v. LE SUEUR COUNTY CO-OPERATIVE COMPANY.[1]

## November 10, 1916.

## Nos. 19,926—(75).

**Appeal and error — allowance of claims — appeal by receiver of insolvent corporation.**

1. A receiver in proceedings to enforce the liability of stockholders of an insolvent corporation has no interest in the question of the disallowance of claims against the insolvent, nor in an order granting a rehearing in the allowance of such claims, and cannot appeal from such an order.

**Same — plaintiff creditor cannot appeal.**

2. The creditor upon whose complaint the proceedings are founded has no interest in an order of that kind as it affects other creditors and cannot appeal therefrom.

After the former appeal, reported in 132 Minn. 9, 155 N. W. 754, Albert Sladek moved to vacate the order disallowing claims of creditors and for permission to be heard in the matter of the allowance of each claim. The motion was granted, Morrison, J., and a time fixed for hearing on all claims. From the order granting the motion, John H. Lebens, as receiver of defendant corporation, and plaintiff appealed. Dismissed.

*James E. Trask,* for appellant.

*Moonan & Moonan,* for respondents.

BROWN, C. J.

This proceeding was brought to enforce the statutory liability of the stockholders of the Le Sueur County Co-operative Association, an in-

[1] Reported in 159 N. W. 826.

solvent mercantile corporation. The matter was before us on a former appeal when various questions were disposed of, including an order assessing the stock 100 per cent of its par value. 132 Minn. 9, 155 N. W. 754. During the pendency of the former appeal the court below made an order allowing a large number of claims against the corporation, which order was merged in a judgment of November 3, 1915. The opinion on the former appeal was filed on January 7, 1916. On February 12, 1916, one of the stockholders of the corporation moved the court, on notice served upon the receiver, to set aside and vacate the judgment allowing claims, and for an order fixing a date upon which a rehearing might be had upon all the claims so allowed. The motion was supported by affidavits, and was opposed by plaintiff, Finch, Van Slyck & McConville, a. corporation, and by the receiver. The motion was granted, and a time and place fixed for the rehearing of such claims, and from the order plaintiff and the receiver separately appealed.

Respondent's motion to dismiss both appeals must be granted.

1. Plaintiff's claim, the basis of the proceeding, is founded upon a judgment which was affirmed by this court in Finch, Van Slyck & McConville v. Le Sueur Co. Co-op. Co. 128 Minn. 73, 150 N. W. 226. The judgment is conclusive of plaintiff's claim, not only against the corporation, but also its stockholders. Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15. This is conceded by respondent. Its claim therefore is not affected by the order, plaintiff is not an aggrieved party and is without the necessary foundation in support of its appeal. It is clear that it cannot contest the validity of the order as to other creditors, for it has no interest in their claims. Its appeal will therefore be dismissed.

2. It seems equally clear that the receiver has no interest to protect by opposing the rehearing order, and is therefore not aggrieved and cannot appeal. The receiver in proceedings of this kind represents the court in the administration of the trust imposed upon him, and stands indifferent as between the creditors asserting claims against the insolvent. He may in some respect represent the collective body of creditors in the protection of rights common to all, but in no case can he become an advocate in support of the allowance of claims presented by them. He may oppose fictitious or fraudulent claims, but it is clear that he cannot

champion the claims of creditors, either singly or collectively. For this reason the rehearing order does not concern him, nor involve any legal or other duty imposed upon him in the administration of the trust. If the order had opened the judgment allowing claims as to one, two or three creditors, and directed a rehearing thereon, the receiver manifestly could not be heard to complain. The fact that the order in question applies to all the creditors does not change the situation. And not being interested or aggrieved by the order he has no right of appeal. Medynski v. Theiss, 36 Ore. 397, 59 Pac. 871; Bosworth v. Terminal R. Assn. 80 Fed. 969, 26 C. C. A. 279; Bates v. Ryberg, 40 Cal. 463; State v. People's State Bank, 22 N. D. 583, 135 N. W. 196; McColgan v. McLaughlin, 58 Md. 499; Knabe v. Johnson, 107 Md. 616, 69 Atl. 420; Dorsey v. Sibert, 93 Ala. 312, 9 South. 288.

Both appeals must therefore be dismissed. This precludes the consideration of any question involved on the record, either as to the sufficiency of the notice of the application for a vacation of the order allowing claims, or in any other respect.

Appeals dismissed.