# State, *ex rel.* Wilkerson *v.* Cobbs, and Cobbs *v.* Cook, *et al.*

*Intervention of Creditors In Insolvent Bank Proceedings.*

(Decided May 15, 1913.   62 South. 729.)

*Appeal and Error; Parties in Interest; Receiver.*—A receiver appointed to administer a trust fund for the benefit of creditors as directed by the court has no personal interest in the matter, and cannot complain as to when he is directed to pay the funds so long as he is required only to distribute the funds as such receiver, and on assignment of error by him alone, the court will not undertake to decide as between the claimants of the fund.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Bill by B. A. Alford and others as creditors against the Union Bank & Trust Company for a receiver, and to administer its funds as a trust fund for the benefit of creditors.   B. H. Wilkerson, as Superintendent of Education, on relation of the state, filed petition of intervention for him and the sureties on his official bond, seeking to impress a trust on a particular fund as a fund belonging to the state.   The state also sought by proceedings to reach this fund, and this proceeding, together with that on the part of Wilkerson were consolidated; there is also petition for intervention by Jeff Sox, and L. C. Cook, and others.   J. B. Cobbs was appointed receiver to administer the funds.   From a decree

rendered directing the payment of the funds in a certain manner, Wilkerson and the state appeal, and the receiver also takes cross-appeal, as does Sox and some of the other creditors. The facts will more fully appear from the opinion of the court. The decree is affirmed both on the original and the cross-appeal.

EDMUND H. DRYER, A. LEO OBERDORFER, and KNOX, ACKER, DIXON & SIMS, for the receiver. The county superintendent before entering on his duties must give bond with good and sufficient sureties, and must keep the state's money separate and apart from any other funds whatsoever.—Sec. 1704, and 1737, Code 1907. As between the officer and the state, the deposit created the relation of debtor and creditor binding him and his sureties to the absolute payment of the debt.—*State v. Houston,* 78 Ala. 576; *Alston v. State,* 92 Ala. 124. Depositing such funds in a bank with leave to use it in its general business was conversion, and the liability of the bank was to pay the state principal and interest from. the time of conversion.—*Massey v. Fane,* 1 Ala. App. 424; *Boutwell v. Parker,* 124 Ala. 341. The liability becomes fixed and absolute, and can only be discharged by payment unless compromised.—Sec. 100, Constitution 1901. The right of a state to preference does not rest upon the common law, but exists only where it is given by statute.—107 U. S. 445; 29 N. J. E. 311; 5 Cyc. 571. The preference of the claim was lost when the bills were filed and a receiver appointed.—*Oates v. Smith,* 57 South. 438. This question is conclusively disposed of by statute.—Sec. 3087, and 2447, Code 1907; sec. 250, Constitution 1901; *Taylor v. Hutchinson,* 145 Ala. 202; *Bank of Florence v. U. S. S. & L. Co.,* 104 Ala. 801. No lien or charge can be fixed unless it be shown that the identical trust money remains.—*Ellison*

[State, ex rel. Wilkerson v. Cobbs, and Cobbs v. Cook, et al.]

*v. Moses*, 95 Ala. 227; *St. L. B. Assn. v. Austin*, 100 Ala. 313. As to the claims of Cook, Perkins and Sanders, see sec. 5862, Code 1907; *Gresham v. Ware*, 79 Ala. 192; *Thomas v. M. E. Church*, 86 Ala. 138; *Tillis v. Folmar*, 145 Ala. 176; *W. H. C. M. Co. v. Alter*, 164 Ala. 305.

R. C. BRICKELL, Attorney General, FRANK S. WHITE & SONS, FELIX L. SMITH, and W. L. ACUFF, for the parties other than the receiver. No brief reached the Reporter.

MAYFIELD, J.—The cases made by these appeals are thus stated by counsel for the receiver, Cobbs: "Under a bill in equity in the lower court, filed February 26, 1910, by creditors B. A. Alford and others, under section 3509 of the Code of 1907, the assets of Union Bank & Trust Company, a banking corporation organized and existing under the general laws of the state of Alabama, were by final general administration decree April 20, 1910, decreed to constitute a trust fund to be marshaled and administered for the payment of its creditors. Its principal place of business was Birmingham, but it had numerous branches, one of which did business at Rockford, Coosa county, and another at Vernon, Lamar county, Ala. Its affairs were in bad condition, and it will not pay creditors entitled to preference under section 250 of the Constitution more than 50 cents on the dollar. Other creditors will get nothing. J. B. Cobbs upon the filing of the bill, February 26, 1910, was appointed and at once qualified, and continued to be, receiver. B. H. Wilkerson was county superintendent of education of Lamar county, and in violation of law had deposited the public moneys received by him as county superintendent of education of Lamar county to his credit in the Vernon branch; and at the

time of the failure had to his credit there a balance of $3,076.73. The surety on his official bond paid the teachers of the county and took from each a transfer of his claim, and in the name of the state of Alabama intervened in the cause September 3, 1910, seeking payment by the receiver out of the assets of the bank of the full sum of $3,076.73, on the theory that it was a debt owing by the bank to this state, and that by reason of its sovereignty the state is entitled to priority of payment over all others. Prior to that time B. H. Wilkerson, county superintendent, had intervened as claimant on the same matter. Instead of having a reference, an agreement of parties was made, which, in effect consolidated the two claims and set out the facts upon which the interventions were submitted on their merits to the court, which by decree dated June 28, 1912, filed June 29, 1912, decided the claim was of the class entitled to preference under section 250 of the Constitution, and that dividends should be paid thereon accordingly. From this decree the state appealed on the theory that the full amount of $3,076.73 should be decreed to be paid by the receiver; and the receiver took a cross-appeal and assigns error on the theory that, while the claim is a debt or demand, it is of a kind and character which bears interest, and is not of the class entitled to preference under section 250 of the Constitution; and that, therefore, nothing is to be paid by the receiver thereon. Mutatis mutandis the claim of the state and of Jeff Sox, county superintendent of Coosa county, is the same as the Lamar county claim, except the amount involved at the Rockford branch is $2,264.52; and he, not his sureties, paid his teachers. The court made a similar decree to that made in the Lamar county case; and the receiver took an appeal, and the state and Sox took a cross-appeal."

[Romano, et al. v. B'ham Ry. L. & P. Co.]

The only errors assigned are by the receiver in the several appeals and cross-appeals. The order or decree of the court as to the preference or priority of the claims of the interveners as to the fund in the hands of the receiver of the court is of no concern to him. He was appointed by the court as its arm to administer the trust fund and to distribute the fund as directed by the court, and he cannot be heard to complain as to when he is directed to pay the funds or assets, so long as he is required only to distribute the funds in his hands as such receiver. Personally he has no interest in the matter; as receiver he is the mere agent or arm of the court; and we will not undertake to decide as between contending claimants to this fund on the assignments of error made by the receiver only. The case of *Dorsey v. Sibert*, 93 Ala. 312, 9 South. 288, is conclusive. This results in the affirmance of the decree on each of the appeals and cross-appeals.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.