# NORTHERN NEVADA LOAN ASSOCIATION *v.* CAZIER

No. 2708

October 5, 1925.                                   239 P. 395.

## ON MOTION TO DISMISS APPEAL

1. APPEAL AND ERROR—COURT'S ORDER, DIRECTING PAYMENT OF SUMS OUT OF ESTATE IN RECEIVER'S HANDS, HELD APPEALABLE.

   A court order, directing payment by receiver of funds out of estate in his hands, *held* not subject to further action of court, either by decree or subsequent order, and therefore appealable under Rev. Laws, secs. 5327, and 5329 as amended by Stats. 1913, c. 91.

2. APPEAL AND ERROR—RECEIVER ENTITLED TO APPEAL FROM ORDER OF COURT, WHERE PROCEEDING ADVERSARY, IN WHICH RECEIVER WAS REPRESENTATIVE OF CREDITORS AND ALL PERSONS HAVING INTEREST IN PROPERTY.

   Where persons intervened in case to obtain relief against receiver not obtainable in any other form, and issues raised by pleadings made proceeding an adversary one, in which receiver was representative of creditor and all persons having interest in property, receiver was entitled to appeal from order of court made in such proceeding.

3. APPEAL AND ERROR—RECEIVER MAY APPEAL FROM· ANY ORDER AFFECTING PROPER DUTIES OR PERSONAL RIGHTS, OR WHERE ESTATE AS WHOLE IS INTERESTED.

   Receiver may appeal from any order affecting proper duties or personal rights, or where estate as whole is interested.

See 3 C. J. sec. 413, p. 579, n. 76; sec. 522, p. 654, n. 10 (new), 13, 23 (new).

APPEAL from Fourth Judicial District Court, Elko County; *J. M. McNamara,* Judge.

Action by the War Finance Corporation and others against the John H. Cazier & Sons Company and another, wherein the Northern Nevada Loan Association was substituted as party plaintiff for the Finance Corporation. From orders directing H. J. Lorentzen, as receiver, to pay each of defendants out of funds in his hands sums specified, and order denying plaintiffs' motion for new trial, plaintiffs appeal. On motion to dismiss appeal. **Motion denied. Appeal dismissed by stipulation.**

*Badt & Dysart,* for Respondents, movants herein:

If order directing receiver to pay bills is not appealable order, it cannot be made such by moving for new

trial, to end that appeal may be taken from order denying such motion. If order is appealable, appeal must be taken from it and not from subsequent order refusing to vacate that order. Harper v. Hildreth, 33 P. 1103.

Orders made in district court are not appealable unless expressly made so by statute. Peters v. Jones, 66 P. (Nev.) 745; Rev. Laws, 5329, as amended, 3 Rev. Laws, 3340.

We frankly submit our motion to dismiss appeal under authority of Title Ins. & Tr. Co. v. California Development Co., 114 P. 838, holding that question involved was one partly of convenience and policy; that receivership property is best protected by permitting trial court, pending final hearing, to direct receiver in disposition of funds, without being hampered by successive appeals from separate orders; that interlocutory orders in equity are subject to direct appeal only when such appeal is authorized by statute; and, where original judgment or order is not reviewable on appeal it cannot be made reviewable by device of moving to set it aside and appealing from order denying motion.

*Thatcher & Woodburn* and *Thos. H. Brandon,* for Appellant:

Title Ins. & Tr. Co. case is not controlling as decision clearly points out. In that case motion was made to vacate order appointing receiver, which was denied, and appeal was taken. Original order was purely interlocutory and not in any sense final. In this case respondents appeal from decision refusing petition in foreclosure proceeding for order requiring payment of bills which receiver had refused to pay, which petition respondents filed instead of commencing suit against receiver. In case cited court said that where order required payment of money by party complaining, or doing of act by or against him, order is final as against him and is appealable, but if order be such as to be subject before enforcement to further action of court, either by decree or subsequent order, it is not final. State v. District Court, 72 P. 612; Martin v. Kirby, 34 Nev. 205.

Proceeding here was collateral ancillary matter. Order is not unappealable because of pendency of undetermined matters, whether ancillary or collateral. Mica Co. v. Mining Co., 157 Fed. 92.

Orders allowing compensation and expenses of receiver, if interlocutory, are not appealable, but where final and direct payment of funds in hands of receiver, they are appealable. 3 C. J. 580.

## OPINION

By the Court, SANDERS, J.:

This is a motion to dismiss the appeals taken from two orders of the court below. The two appeals are embraced in the one notice. One is from an order directing H. J. Lorentzen as receiver to pay to each respondent out of any funds in his hands the sums specified therein, which aggregate $7,202.49; the other is from an order denying appellants' motion for new trial.

The motion came on for hearing on September 8, 1925, and on that date was orally argued and submitted for decision upon briefs. In the notice of motion it is stated that the motion will be made and based on the various papers, files, documents, and pleadings appearing in the bill of exceptions or record on appeal, and upon the ground that the order directing the receiver to pay the sums specified is not an appealable order, nor is the order denying a new trial appealable.

1. It is argued on behalf of respondents that, if the court's order directing the receiver to pay the sums specified out of any funds in his hands is not an appealable order, it cannot be made so by an attempt to appeal from a subsequent order denying the motion for new trial. This contention narrows the question for determination to whether an order made in a proceeding against a receiver is appealable under Revised Laws, section 5327, and section 5329 as amended by statute 1913, chapter 91. Section 5327 provides that any party aggrieved may appeal in the cases prescribed in the title. Section 5329 provides, in part, that an appeal may

be taken from a final judgment in an action or special proceeding commenced in the court in which the judgment is rendered, within six months after the rendition of the judgment.

We are relieved of the necessity of construing the provisions contained in these sections, because of the fact that counsel for respondents frankly state that their motion to dismiss rests entirely upon the authority of the case of Title Insurance and Trust Co. v. California Development Co., 159 Cal. 484, 114 P. 838. If that decision is to be considered controlling upon this court, then we are of opinion that the order here complained of· is a final order. In the syllabus of the case, it is stated:

"If an order complained of either directs the immediate payment of money by the complaining party or orders acts to be done directly by or against him, it is appealable; but if the order be such in its nature as to be subject to the further action of the court either by decree or subsequent order, the order complained of is not final, and review must be sought by appeal from such decree or order subsequently entered."

It is manifest from the order here under review that it directs the immediate payment of money out of funds of the estate in the hands of the receiver, and it is not subject to the further action of the court either by decree or subsequent order, and under the very authority upon which counsel base their motion to dismiss it is a final order and, therefore, appealable under the statute.

2. While it is true that the receiver is an arm of the court in the administration of the property, yet, where persons intervene, as did the respondents in this case, to obtain relief against him, not obtainable in any other forum, the issues raised by the joint answer of appellants to the respondents' petition made the proceeding an adversary one, in which the receiver was the representative of creditors and all persons having an interest in the property. If, as such representative, he felt aggrieved by the order made in an adversary proceeding of this character, it is difficult to see why he should

not be permitted to have the order reviewed by this tribunal to which respondents may have resorted in the event the order had been adverse to them. Felton v. Ackerman, 61 F. 226, 9 C. C. A. 457. We take it that the very purpose of the prayer of respondents' petition for an order of the court that the receiver show cause why the prayer of the petition should not be granted was to bring the receiver before the court as a party defendant that he might urge any defensive matter to the petition which the creditors or other persons interested could urge, if themselves made parties defendant. Kahn v. Hollis, 124 Ga. 537, 53 S. E. 95.

3. If the receiver had an appealable interest in the subject of the order, a question not involved on this motion, it was his duty to appeal from the adverse judgment rendered in a judicial proceeding tried as an ordinary adverse civil action. A receiver may appeal from any order affecting his proper duties or personal rights, or where the estate as a whole is interested. Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400.

It is suggested in argument that a receiver cannot appeal from purely administrative orders which the court, in the exercise of its discretion, may make in the cause for the proper care and preservation of the property in its custody. Ordinarily this is true, but the order here complained of is not made to rest on the court's discretion and, therefore, is not within the rule invoked.

Without reviewing the facts or discussing the merits of the appeals, or intimating any opinion thereon, we conclude that the orders entered in the court below are appealable and the motion to dismiss the appeals therefrom is, therefore, denied.

January 4, 1926.

Appeal dismissed by stipulation.