ST. PAUL, J.
 

 The will of the deceased, after making certain particular legacies, directed (in substance) that the residuum of his estate should constitute a trust fund for the purpose of providing scholarships of four years each, of the value of $1,000 per year; said scholarships to be equally divided between Loyola University and Tulane University. The provisions of the will as to the nature of said scholarships and the manner of appointing the same are of the most meager and uncertain. The will then concludes: “I appoint Louise Greene and Anna Judge Veters trustees of this fund and to see to safety and investment. In ease of the death of these trustees or either of them, successor or successors shall be appointed by the gentlemen of the faculties.”
 

 I.
 

 The trustees have administered the fund for four years; they have rendered accounts annually, and now have on hand more than $128,000 available for scholarships. But as yet they have made no payments to the universities.
 

 Accordingly, the universities have taken a rule on them to show cause why said sum should not be paid over to them share and share alike. To which rule the trustees have resisted on the ground that the universities have refused to “sign receipts for the said revenues in accordance with the duly homologated accounts herein above referred to, and the refusal of the said Universities to sign such receipts amounts to notice by the said Universities to the said Trustees that they do not intend to expend said revenues of the said scholarship fund in accordance with the stipulations of the duly homologated accounts which are on file herein and are made part of this answer.”
 

 
 *1028
 
 Now the only reference to “scholarships” to be found in said accounts is a notation at the top of each account that the “capital” of said fund includes the amount “set aside” for scholarships.
 

 Hence it is apparent that the real controversy between the parties is not what the answer indicates, but is (as shown by some correspondence annexed) whether or not before receiving said revenues said universities shall satisfy the trustees as to how said scholarships shall be awarded and how said funds shall be expended. In other words, said trustees claim “visitorial” powers under said will, and the universities deny them.
 

 The difference between the parties seems therefore to be whether or not the testator meant to give the trustees (appointed first by him, and afterwards by the two faculties) power merely to administer the fund and see to its safety, leaving it to the good faith of the universities to use the fund in accordance with the will as they (the universities) understand it; or whether the universities must accept regulations prescribed by the trustees, Or agreed upon by the parties, or fixed by some court.
 

 II.
 

 The trial judge made the rule absolute; thus apparently adopting the first view. The trustees then applied for an appeal; which was refused them, on the ground that they were without interest. And the trustees have applied to this court to compel him to allow the appeal.
 

 III.
 

 The trustees, if they are right, have sufficient interest to appeal. If they are wrong, they have no interest. But to determine this question the merits of the controversy must be gone into. Hence the appeal should be allowed.
 

 Decree.
 

 The rule herein issued is therefore made absolute, and it is now ordered that the district judge allow the trustees an appeal as prayed for, and fix the return day and bond therefor.