It is a fundamental and universal rule of law that a court must have jurisdiction of the matter before it and of the proceedings concerning that matter, or else its proceedings therein will be a nullity. 7 R.C.L. 1031, sec. 59. And it is the primal duty of all courts to keep strictly within their jurisdiction. Gamble v. Hanchett et al., 35 Nev. 319, 133 P. 936.
It may be conceded that the respondent court is a court of general jurisdiction concerning a great many matters that can be submitted to it, as provided in sec. 6, art. VI, constitution of Nevada. But unless prohibited by the constitutional provisions creating a court and providing the jurisdiction thereof, such court may be given special and limited jurisdiction in certain specified cases by the legislature. 7 R.C.L., secs. 3, 61, 105, *Page 215 
pp. 975, 1032, 1068; 1 Bancft. Cd. Pr. Rem., secs. 544, 653, pp. 805, 965. No such prohibition is contained in the Nevada constitution.
It is well-settled law in this state that the water law, secs. 7890-7898 N.C.L., and all proceedings thereunder are special in their character, and the provisions of such law not only lay down the method of procedure but strictly limit it to that provided. Scossa v. Church, 46 Nev. 254, 205 P. 518; Humboldt L. C. Co. v. District Court, 47 Nev. 396, 224 P. 612; In re Water Rights, Humboldt River, 49 Nev. 357, 246 P. 692; Ruddell v. District Court, 54 Nev. 363, 17 P.2d 693.
It has been settled law in this state since 1865 that the statutory mode of acquiring jurisdiction must be complied with. Paul v. Armstrong, 1 Nev. 82.
It necessarily follows that any person aggrieved by the acts of the state engineer in the administration of the water law is bound by the provisions thereof, and, to question the acts of the state engineer in the distribution of water, in the courts, such person must proceed in accordance with the provisions of the law, and particularly with the provisions of section 75 thereof (sec. 7961 N.C.L.).
The only jurisdictional requirement met by the respondent company in the court below was that it was an aggrieved person. It was and is the district court of Pershing County that had and has jurisdiction of the matter contained in the respondent company's petition. And when the respondent court entertained such petition and made and entered the order in question here, such court was proceeding in a matter wholly beyond its jurisdiction. State v. Roberts, 8 Nev. 239; Ex Parte Gardner,22 Nev. 280, 39 P. 570.
That there is a total lack of appeal from the order cannot be doubted. Sec. 10, ch. 32, p. 53, Stats. 1937; Northern Nevada Loan Assoc. v. Cazier, 49 Nev. 115, 239 P. 395; Quinn v. Quinn,53 Nev. 67, 292 P. 621.
No hope of a plain, speedy, and adequate remedy was *Page 216 
held out to the state engineer in the order. Pacific States security Co. v. District Court, 48 Nev. 53, 226 P. 1106; Nevada Douglass Gold Mines Inc. v. District Court, 51 Nev. 206,273 P. 659.
If the same rule in regard to calling the inferior court's attention to its lack of jurisdiction is to be applied in certiorari that is applied in prohibition, then the rule announced in City of Los Angeles v. District Court, 58 Nev. 1,67 P.2d 1019, should be applied here, that is, that where lack of jurisdiction is clear and apparent on the face of the record, then petitioner need not call the inferior court's attention to the alleged lack of jurisdiction.
Under the statute the state engineer is an officer of the district court, and, as such officer, like a receiver, is presumed to stand indifferent as between the parties who are beneficially interested in, or the owners of, the property involved. Rehill v. East Newark (N.J. Law), 63 A. 81; Smalley v. Board (N.J. Law), 42 A. 748; State ex rel. v. Board of County Commissioners, 23 Nev. 247, 45 P. 529.
What interest, may we ask, has the state engineer in the distribution of water? Is it not his duty to follow the instructions of the court which has supervision and control over him? And what substantial injury does this record show the state engineer to have suffered?
If the state engineer occupies the position analogous to a receiver, he has no right to a writ of certiorari as against the judge and court charged with supervision and control of him. 53 C.J. 142.
Upon receiving the order of the district court having control and supervision of the distribution of the waters of the Humboldt River, it was, therefore, the duty of the state engineer to obey that order, and, if for any *Page 217 
reason he deemed it to be an improper order, to appear before the court and judge, as he was invited to do, and make such suggestions to the said court and judge as he deemed proper.
(The brief of Respondents in the companion case of Jahn v. District Court, just previously reported, was also considered in this case, as far as applicable.)
 OPINION
The above matter is a companion case to that of Andrew Jahn, Petitioner, v. Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt, 58 Nev. 204,73 P.2d 499, this day decided.
As the opinion in that matter establishes the law in this proceeding, it is unnecessary to do more than refer to it.
Petition granted.
NOTE — DUCKER, J. having disqualified himself, the Governor designated Honorable WM. D. HATTON, Judge of the Fifth Judicial District, to sit in his stead. *Page 218