AUGUST C. FROHLICH, as Receiver of Pacific American Life Insurance Company, a Corporation, Petitioner, v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF NEVADA in and for the County of Washoe, and HONORABLE EDGAR EATHER, Judge Thereof Presiding in Department No. 1, Respondents.

No. 3414

August 17, 1944.                    150 P. (2d) 1013.

W. M. Kearney, of Reno, for Petitioner.

M. A. Diskin, of Reno, for Respondent.

## OPINION

By the Court, Orr, C. J.:

Petitioner has made application for a writ of prohibition. We have decided not to issue the writ, for the

reason that the petitioner has a plain, speedy and adequate remedy at law, by appeal.

The following facts appear:

On or about the 7th day of October, 1940, the Pacific American Life Insurance Company, a corporation, operating in the State of Nevada, issued a policy of insurance to one Edward I. Blomquist. The said Pacific American Life Insurance Company thereafter entered into a contract of reinsurance with the Lincoln National Life Insurance Company. On or about December 27, 1940, the said Edward I. Blomquist died as a result of an automobile accident. On the 1st day of February, 1941, August C. Frohlich was appointed receiver of the Pacific American Life Insurance Company, the said Pacific American Life Insurance Company, a corporation, having become insolvent. At the time of the appointment of the receiver said Pacific American Life Insurance Company, a corporation, was engaged in the business of writing life insurance, and numerous life insurance policies were in existence and outstanding on the date of the appointment of said receiver. Rose Blomquist, the widow of Edward I. Blomquist, hereinafter referred to as the widow, through her attorney made a claim for the payment of the insurance policy written in favor of her deceased husband, and, with the consent of the receiver, M. A. Diskin, the attorney for the widow, communicated with the Lincoln National Life Insurance Company. In response to said communication, the Lincoln National Life Insurance Company mailed a check in the sum of $1,259.27, drawn in the name of the said receiver, addressed to the said receiver in care of the attorney for the widow. The envelope containing the letter and check was delivered at the law office of M. A. Diskin, placed on his desk, and by him inadvertently opened. M. A. Diskin, thus having the check in his possession, took the check and the letter and exhibited them to the attorney for the receiver, who inspected the letter and the check and returned them to said Diskin. Thereafter the widow, through

her attorney, filed a petition in the Second judicial district court asking for an order directing the receiver to endorse the check so that the said widow could realize the amount thereof as the proceeds due her on the life insurance heretofore mentioned. The attorney for the receiver appeared and filed a motion to strike and a demurrer. The motion to strike was denied and the demurrer overruled. We issued an alternative writ, and the widow appeared by filing a motion to strike, a demurrer, and an answer.

■ While several interesting questions are presented by the demurrer and the motion to strike, we have concluded that it is unnecessary to decide them, as this matter can be determined upon the one question of whether or not the petitioner has a plain, speedy and adequate remedy at law. It is unnecessary to cite authority to sustain a holding that where such a remedy exists the writ of prohibition will not issue.

The petitioner contends: first that he would not be in a position to appeal from an adverse judgment; and, secondly, that in the event the trial court ordered the receiver to endorse the check, then the widow would cash the same and there would be no way in which the estate could be reimbursed in the event that the judgment of the lower court were reversed on appeal.

The case of State v. State Bank & Trust Co., 36 Nev. 526, 137 P. 400, is urged by the petitioner as authority for the proposition that the receiver would have no right to appeal. If the money represented by the check could be considered as funds of the estate in the hands of the receiver and there was an attempt being made by the widow to have said funds declared a preferred claim and the trial court should so hold, in such an event no appeal would lie. But here the situation is quite different; the amount of money represented by the check has never come into the hands of the receiver, and it is the contention of the widow that it is not an asset of the estate and the receiver has no right to exercise any control over it; that the policy of insurance on the life

of deceased, Blomquist, having been reinsured by the Lincoln National Life Insurance Company, the amount is due from said Lincoln National Life Insurance Company to the widow direct, the same situation as would exist as to any other amount of money which the receiver might lay claim to and attempt to take into his possession, such claim being disputed and such action opposed by a third party.

■ The question to be determined in the lower court is whether the receiver has the right to the possession of the money, to be distributed as an asset of the estate, or whether the widow should retain possession of it as her property. Under these circumstances it seems clear that in the event of a judgment adverse to him the receiver would have a right to appeal, because a decision requiring the money represented by the check to be turned over to the widow would affect the estate as a whole. Also, a question of the increase of the whole fund in the hands of the receiver is involved, and such increase, if obtained, would inure to the benefit of all the creditors. State v. State Bank & Trust Co., supra.

The second question presented is: Would the appeal in such a case be adequate? Reference is made by the receiver in the case of Buckingham v. Fifth Judicial District Court, 60 Nev. 129, 102 P. 2d 632. That case can be distinguished from the case at bar. In the Buckingham case it was conceded the trial court had jurisdiction, but prohibition was granted for the reason that to allow the trial court to proceed with the hearing might result in irreparable injury. Here the irreparable injury which the receiver claims will result is that should the check be endorsed and the widow get the money, it could not be recovered. The answer filed in this proceeding negatives that contention. Since the petition was filed by the widow in the district court, the Lincoln National Life Insurance Company, the reinsurer, has, at the request of the receiver, stopped payment on the check, and the said reinsurer, the said Lincoln National Life Insurance Company, has stated it

will allow the matter to remain in status quo until a determination as to who is entitled to the money is had in the courts. It affirmatively appears from the pleadings that in the event the trial court made an order that the receiver endorse the said check, the widow could not realize on it until such time as the legal proceedings—and this means an appeal from the said order in the event the receiver elected to take that course—had been terminated.

From what has been said, it follows that the receiver has a plain, speedy and adequate remedy at law and the writ should not issue.

There is one more matter we feel should receive attention. Mr. Diskin feels that in the application for a writ of prohibition the receiver has in effect charged him with the commission of a crime, in that it is alleged that the attorney for the widow opened a letter addressed to the receiver. The receiver attached to his application a copy of the letter addressed to the receiver by the Lincoln National Life Insurance Company, and the address on the letter is to the receiver in care of M. A. Diskin, attorney. However, in the body of the application for the writ the statement is made that M. A. Diskin opened a letter addressed to the receiver, omitting to state that the envelope in which the letter was contained was addressed to the receiver in care of M. A. Diskin. The fact that the copy of the letter was attached to the application did not supply the information, missing in the application, that the envelope was addressed to the receiver in care of M. A. Diskin. The record clearly establishes that in the opening of the envelope not the slightest improper motive or intent existed and the act was one that might easily occur in any office under similar circumstances.

Application for writ denied and proceedings dismissed.