In the Matter of the Estate of LAWRENCE DEVINCENZI, SR., Deceased.
FIRST NATIONAL BANK OF NEVADA, TRUSTEE, Appellant, *v.* IRMA DEVINCENZI MOSCONI, Et Al., Respondent.

No. 3488

August 7, 1947.

183 P.2d 831.

*Kearney & Adams,* of Reno, for Appellant.

*McCluskey & Samuelson,* of Reno, for Respondents.

*Lunsford & Goldwater,* of Reno, Amici Curiæ.

*Thatcher, Woodburn & Forman,* of Reno, Amici Curiæ.

## OPINION

By the Court, BADT, J.:

Motion to dismiss appeal.

More than two years after the final decree of distribution of the estate to the testamentary trustee and the discharge of the executors, appellant First National Bank of Nevada, acting as trustee, sold certain real property of the trust estate for $32,000 and executed and delivered its deed as such trustee to the purchaser. The property had been appraised in the administration proceedings for $10,000. Respondents, comprising three of the five beneficiaries of the trust, moved the probate court by pleadings entitled in the probate proceeding for an order setting aside the sale on the grounds that notice of sale, petition for order of sale, or petition for confirmation had not been given by the trustee, and for the further reason that the heirs of the decedent had not been given an opportunity to purchase. It was stipulated that although notice of the intended sale had been given by the trustee by letter to each of the beneficiaries, and that one of the beneficiaries had consented thereto, none of the formal notices or petitions, claimed by respondents to be required under secs. 9882.140, 9882.160 or 9882.161, Nevada Compiled Laws, had been given or filed, nor had the trustee petitioned for leave of court to make the sale, or petitioned for confirmation. The district court set aside the sale upon the grounds stated in the motion.

Appellant has appealed from such order, and respondents have moved to dismiss the appeal upon the grounds

that the order is not appealable either under the probate act (see N. C. L. sec. 9882.293) or the act governing appeals in civil actions (see N. C. L. secs. 9385.60, 9882.319), and that appellant is neither an aggrieved party nor a real party in interest.

■■ We are satisfied that the trustee is both an aggrieved party and a real party in interest. Such cases as State v. State Bank & Trust Co. (Esmeralda County v. Wildes, Receiver), 36 Nev. 526, 137 P. 400, do not apply. The present situation concerns the estate as a whole and involves no conflict between contesting beneficiaries, claimants or persons demanding preferences. See Frolich v. District Court, 62 Nev. 338, 150 P.2d 1013; Northern Nevada Loan Association v. John H. Cazier & Sons Co., 49 Nev. 115, 239 P. 395, etc. It should also be noted that the trustee had been brought into the proceeding in the court below on respondent's motion to set aside the trustee's sale and had thus been made a party to the record in such proceeding (and the sole adverse party) through the action of respondents. See Pacific States Savings & Loan Co. v. Mortimer, 70 Cal.App.2d 811, 161 P.2d 684.

In addition to these considerations it is clear that the order appealed from involved a construction of the proper exercise of the duties of the trustee. The actual right and power of the trustee to carry out the legal effect of the district court's order declaring the sale void is called into question, and might indeed subject the trustee to liability. Before the sale the trustee held the legal title to the real estate. After the sale, and at least until the entry of the order setting it aside, the trustee had divested itself of title to the real estate and in its place held the sum of $32,000. The difficulties of the situation with respect to the position and liability of the trustee are obvious, and it is clear that it was aggrieved by the order and was a real party in interest. Estate of Welch, 106 Cal. 427, 39 P. 805; In re Hubbell's Estate, 216 Cal. 574, 15 P.2d 503; Id., 121 Cal. App. 38, 8 P.2d

530; In re Forney's Estate, 44 Nev. 279, 194 P. 331; Kramme v. Mewshaw, 147 Md. 535, 128 A. 468.

■ To determine the motion to dismiss the appeal upon the other ground, namely, that the order appealed from is not an appealable order, requires a determination, at least in material part, of the merits of the appeal. It was apparently contended by appellant in the court below, as well as here, that after distribution by the probate court to the trustee and the discharge of the executors none of the provisions of the probate act requiring notice of sale, petition for confirmation, etc., was applicable, and that the only jurisdiction retained by the probate court was to pass upon the trustee's accounts and questions of distribution to the beneficiaries of the trust under N.C.L. sec. 9882.244; and that the order complained of was patently not made under such especially reserved jurisdiction, but was either a final order or judgment or an order after judgment especially made appealable by N.C.L., sec. 9385.60. It, therefore, becomes manifest that a determination of the appealability of the order complained of, and which becomes the main question on the motion to dismiss the appeal, involves one of the main questions, if not the main question, on the merits of the case, and cannot be made without a determination on the merits. Both parties, as well as amici curiæ, appear to recognize this situation and, although they have all exercised a due restraint in the matter of a discussion of the merits of the appeal, all of the briefs find their authors constantly confronted with hardly avoidable references to the merits.

Under such a situation this court is not inclined to dismiss the appeal. See Succession of Breaux, 172 La. 1025, 136 So. 39. The motion is hereby denied, with costs.